1  ALAN B. CARLSON, Bar No. 055090
   ROBERT J. WILGER, Bar No. 168402
2  LITTLER MENDELSON
   A Professional Corporation
3  50 West San Fernando Street, 14th Floor
   San Jose, CA  95113.2303
4  Telephone:    408.998.4150
   acarlson@littler.com
5  rwilger@littler.com

6  Attorneys for Defendants
   SIGNATURE FLIGHT SUPPORT
7  CORPORATION, BBA AVIATION SHARED
   SERVICES, INC., STEVE TRUE, DENNIS
8  SMITH, LYNN SHAW AND JAY SINGH

9

10                 UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12

13  DONALD HAMILTON, an individual;        Case No.  C 05 00490 CW
    BOBBY JONES, an individual; DAMON
14  BARRON SMITH, an individual;           **NOTICE OF MOTION AND MOTION TO**
    ALJARICE SANDERS, an individual; and   **DISMISS FOR FAILING TO STATE A**
15  on behalf of themselves and others     **CLAIM UPON WHICH RELIEF CAN BE**
    similarly situated,                    **GRANTED; MEMORANDUM OF POINTS**
16                                         **AND AUTHORITIES IN SUPPORT OF**
                                           **DEFENDANTS' MOTION**
17             Plaintiffs,                 **[F.R.C.P. 12(B)(6)]**

18        v.

19  SIGNATURE FLIGHT SUPPORT               Date:     May 27, 2005
    CORPORATION, a Delaware corporation;   Time:     10:00 a.m.
20  BBA AVIATION SHARED SERVICES,          Judge:    Hon. Claudia Wilken
    INC., a Florida corporation; BBA GROUP Crtrm:    2, 4th Floor
21  US HOLDINGS INC., a Massachusetts
    corporation; BBA GROUP PLC, a United
22  Kingdom corporation; STEVE TRUE, an
    individual; NORMAN RAMIREZ, an
23  individual; DENNIS SMITH, an
    individual; LYNN SHAW, an individual;
24  JAY SINGH, an individual;  MARCARIO
    LIPORADA, an individual; and DOES 1-
25  100,

26             Defendants.

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA  95113.2303
408.998.4150

SAN_JOSE:5218847.2 049112.1000
Case No.  C 05 00490 CW

**NOTICE OF MOTION AND MOTION**

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

YOU ARE HEREBY NOTIFIED THAT on Friday, May 27, 2005, at 10:00 a.m., or as soon thereafter as the matter can be heard in Courtroom 2 of the United States District Court, located at 1301 Clay Street, Oakland, California, Defendants Signature Flight Support Corporation, BBA Aviation Shared Services, Inc., Steve True, Dennis Smith, Lynn Shaw, and Jay Singh will move and hereby do move this Court for an order dismissing certain causes of action for failing to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) on the following grounds:

1.      Plaintiffs' Twelfth Cause of Action for Breach of Contract/Failure to Investigate against Signature Flight Support Corporation should be dismissed because Plaintiffs have failed to state a claim upon which relief can be granted.

2.      All of Plaintiffs' causes of action alleged against Defendant BBA Aviation Shared Services, Inc., should be dismissed because it is not Plaintiffs' employer.

3.      Plaintiffs' Second, Fourth, Fifth, Sixth, and Seventh Causes of Action for Sex Discrimination, Wrongful Termination/Discipline in Violation of Public Policy, Disability Discrimination, Age Discrimination, and for a Racially and Sexually Hostile Working Environment alleged against Defendant True should be dismissed as a matter of law or because Plaintiffs have failed to state a claim upon which relief can be granted.

4.      All of Plaintiffs' causes of action alleged against Defendant Smith should be dismissed as a matter of law or because Plaintiffs have failed to state a claim upon which relief can be granted.

5.      All of Plaintiffs' causes of action alleged against Defendant Shaw should be dismissed as a matter of law or because Plaintiffs have failed to state a claim upon which relief can be granted.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113-2303
408.998.4150

Case No.  C 05 00490 CW
SAN_JOSE:5218847.2 09112.1000

1.

DEFENDANTS' MOTION TO DISMISS AND MPA IN SUPPORT THEREOF

6.   All of Plaintiffs' causes of action alleged against Defendant Singh should be dismissed as a matter of law or because Plaintiffs have failed to state a claim upon which relief can be granted.

Defendants request that Plaintiffs' causes of action identified above be dismissed with prejudice.  Said motion will be based upon this Notice of Motion and Motion; the Memorandum of Points and Authorities; all records, pleadings and papers on file in this action; and upon such other matters as may be presented to the court at the time of the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Defendants Signature Flight Support, BBA Aviation Shared Services, Steve True, Dennis Smith, Lynn Shaw, and Jay Singh hereby move to Court to dismiss certain causes of action alleged against them pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that Plaintiffs Donald Hamilton, Bobby Jones, Damon Barron-Smith, and Aljarice Sanders have failed to allege facts sufficient to state a claim upon which relief can be granted.  In addition, Plaintiffs have alleged causes of action against Defendants that are barred as a matter of law.  Consequently, Defendants respectfully request that its motion be granted in its entirety and with prejudice.[1]

Plaintiffs filed their Complaint based upon certain incidents that allegedly occurred while they were employed by Signature Flight at its San Francisco facility.  Plaintiffs Hamilton and Barron-Smith are both still employed by Signature Flight.  (Comp. ¶¶ 4, 7.)  Plaintiffs Jones and Sanders, however, were terminated by Signature Flight in 2004.  (Comp. ¶¶ 5, 6.)  Among the numerous causes of action comprising this action,[2] Plaintiffs attribute and allege certain adverse

---

[1]   Defendants also have filed concurrently with this motion, a motion to sever the claims alleged in Plaintiffs' current Complaint into four separate action.  If the Court grants the motion to sever and orders each individual Plaintiff to file a new complaint, the Court will not have to consider this motion because it will become moot until Plaintiffs file their individual complaints.

[2]   Plaintiffs have alleged a total of twelve causes of action against the named Defendants. Plaintiffs are not each a party to every cause of action.  Likewise, each Defendant is not named to every cause of action.  Furthermore, even within causes of action, certain statutory claims have been brought only on behalf of certain Plaintiffs.  In addition to bringing these causes of action on their own behalf, Plaintiffs also are attempting to obtain class action status for their race discrimination, sex discrimination, and retaliation causes of action.  (Comp. ¶¶ 62, 67, 73.)

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113-2303
408.998.4150

SAN_JOSE:5218847.2 049112.1000
Case No.  C 05 00490 CW

2.

1     employment actions to their race while employed by Signature. (Comp. ¶¶ 61-65.) Each Plaintiff

2     also contends that he or she was subjected to a hostile work environment based on their race and/or

3     sex during their employment. (Comp. ¶¶ 98-102.) Furthermore, Mr. Hamilton, Mr. Jones, and

4     Ms. Sanders assert that they have been retaliated against for making complaints of discrimination

5     and harassment. (Comp. ¶¶ 72-79.) Ms. Sanders alone, and on behalf of a class, alleges that she has

6     been discriminated against due to her sex while employed by Signature Flight. (Comp. ¶¶ 66-71.)

7     Mr. Hamilton also contends that he was subjected to discrimination based upon a perceived

8     disability. (Comp. ¶¶ 87-92.) Finally, Mr. Jones additionally has brought an age discrimination

9     claim. (Comp. ¶¶ 93-97.)

## II.     ISSUE TO BE DECIDED

11         1.     Should Plaintiffs' Twelfth Cause of Action for Breach of Contract/Failure to

12     Investigate be dismissed because Plaintiffs have failed to state a claim upon which relief can be

13     granted?

14         2.     Should all of Plaintiffs' causes of action alleged against Defendant BBA

15     Aviation Shared Services, Inc., be dismissed because it is not Plaintiffs' employer?

16         3.     Should Plaintiffs' Second, Fourth, Fifth, Sixth, and Seventh Causes of Action

17     for Sex Discrimination, Wrongful Termination/Discipline in Violation of Public Policy, Disability

18     Discrimination, Age Discrimination, and for a Racially and Sexually Hostile Working Environment

19     alleged against Defendant True be dismissed as a matter of law or because Plaintiffs have failed to

20     state a claim upon which relief can be granted?

21         4.     Should all of Plaintiffs' causes of action alleged against Defendant Smith be

22     dismissed as a matter of law or because Plaintiffs have failed to state a claim upon which relief can

23     be granted?

24         5.     Should all of Plaintiffs' causes of action alleged against Defendant Shaw be

25     dismissed as a matter of law or because Plaintiffs have failed to state a claim upon which relief can

26     be granted?

27         6.     Should all of Plaintiffs' causes of action alleged against Defendant Singh be

28     dismissed as a matter of law or because Plaintiffs have failed to state a claim upon which relief can

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113-2303
408.998.4150

SAN_JOSE:5218847.2 049112.1000        3.
Case No. C 05 00490 CW

DEFENDANTS' MOTION TO DISMISS AND MPA IN SUPPORT THEREOF

1  be granted?

2  **III.   ARGUMENT**

3          **A.   Plaintiffs' Twelfth Cause Of Action For Breach Of Contract/Failure To
            Investigate Should Be Dismissed As A Matter Of Law For Failing To State A
4          Claim.**

5          Plaintiffs contend in their Twelfth Cause of Action that they suffered damages due to

6  Signature Flight's alleged inadequate investigation into their discrimination complaints.  However,

7  as the duty to investigate, remedy, and prevent discrimination and harassment in the workplace is

8  mandated by statute, Plaintiffs cannot establish a breach of contract claim based upon the same duty.

9          It is well-established that contracts requiring a party to abide by the law are invalid

10 because they lack adequate consideration.  "There is no serious dispute about the applicable law.  'It

11 is an uniform rule of law that a consideration for an agreement is not adequate when it is a mere

12 promise to perform that which the promisor is already legally bound to do.  [Citations.]'"  *Louisville*

13 *Title Ins. Co. v. Surety Title, Guar. Co.,* 60 Cal.App.3d 781, 791 (1976).  Consequently, Plaintiffs'

14 claim that Signature Flight breached its promise to investigate and remedy claims of discrimination

15 and harassment lacks consideration and is unenforceable.  *See Schaefer v. Williams,* 15 Cal.App.4th

16 1243, 1246-1247 (1983) (unlawful consideration and contrary to both the law and public policy for

17 one party to base contract upon promise to refrain from illegal conduct).  Plaintiffs' Twelfth Cause

18 of Action should be dismissed on this basis.

19         Moreover, there is no independent cause of action for failing to investigate a claim of

20 unlawful discrimination or harassment under either Title VII of the Civil Rights Act of 1964 ("Title

21 VII") or the California Fair Employment and Housing Act ("FEHA").  *Swenson v. Potter,* 271 F.3d

22 1184, 1198 (9th Cir. 2001).  Liability is imposed based on the actual discrimination or harassment,

23 not the investigation into it.  *Id.*  The failure to investigate an employee's complaint may mean that

24 employer simply loses the ability to set forth an affirmative defense based upon *Ellerth-Faragher*,[3]

25
26 [3]   *Burlington Industries, Inc. v. Ellerth,* 524 U.S. 742, 765, 118 S.Ct. 2257, 2270 (1998) (element
      of affirmative defense to harassment claim is that employer "exercised reasonable care to
27    prevent and correct promptly any . . . harassing behavior"; *Faragher v. City of Boca Raton,* 524
      U.S. 775, 807, 118 S.Ct. 2275, 2292-2293 (1998) (employer must establish as element of
28    affirmative defense to harassment claim that employer "exercised reasonable care to prevent and
      correct promptly . . . harassing behavior").

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113-2303
408.998.4150

SAN_JOSE:5218847.2 049112.1000
Case No.  C 05 00490 CW

4.

DEFENDANTS' MOTION TO DISMISS AND MPA IN SUPPORT THEREOF

1    but it does not impose separate liability.  *See Holly D. v. California Institute of Technology,* 339 F.3d

2    1158, 1177 (9th Cir. 2003) (to preserve affirmative defense employer must promptly correct

3    harassing conduct following complaint).  Likewise, under FEHA, there are no causes of action

4    independent from a showing that actual unlawful harassment or discrimination took place.  *Trujillo*

5    *v. North County Transit Dist.,* 63 Cal.App.4th 280, 289 (1998).  Absent actual unlawful harassment

6    or discrimination, an employee has not suffered any damages.  *Id.*  Therefore, Plaintiffs' Twelfth

7    Cause of Action should additionally be dismissed on this ground.

8         **B.    All Causes Of Action Alleged Against Defendant BBA Aviation Shared Services**
         **Should Be Dismissed As Plaintiffs Have Not Set Forth Any Facts Establishing Its**

9         **Liability For Plaintiffs' Alleged Injuries.**

10               The only allegation made against Defendant BBA Aviation Shared Services is that it

11   is a Florida corporation and the parent company of Defendant Signature Flight.  (Comp. ¶ 9.)  This is

12   insufficient to make BBA Aviation liable for any cause of action.

13               Plaintiffs do not allege that they ever worked for BBA Aviation.  Instead, Plaintiffs

14   admit that they worked only for Signature Flight.  (Comp. ¶¶ 4-6.)  A parent corporation cannot be

15   held liable for claims against its subsidiary simply because it is the parent corporation.  "Corporate

16   entities are presumed to have separate existences, and the corporate form will be disregarded only

17   when the ends of justice require this result.  [Citations.]  In particular, there is a strong presumption

18   that parent company is not the employer of its subsidiary's employees."  *Laird v. Capital*

19   *Cities/ABC, Inc.,* 68 Cal.App.4th 727, 737 (1998).

20               A plaintiff attempting to hold a parent liable for the acts of its subsidiary has "a heavy

21   burden under both California and federal law."  *Laird, supra,* 68 Cal.App.4th at 737.  To meet their

22   burden, Plaintiffs have to satisfy the "integrated enterprise" test.  *Id.*  This requires Plaintiffs to

23   produce evidence of four factors, "interrelations of operations, common management, centralized

24   control of labor relations, and common ownership or financial control."  *Id.*  Plaintiffs' simple

25   allegation that BBA Aviation is the "parent company" of Signature Flight does not satisfy the

26   "integrated enterprise" test.  Accordingly, all causes of action alleged against BBA Aviation should

27   be dismissed for failing to state a claim.  *See Cellini v. Harcourt Brace, Co.,* 51 F.Supp.2d 1028,

28   1035 (S.D. Cal. 1999) (parent corporation dismissed from lawsuit when plaintiffs could not set forth

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113-2303
408.998.4150

SAN_JOSE:5218847.2 049112.1000
Case No.  C 05 00490 CW

5.

DEFENDANTS' MOTION TO DISMISS AND MPA IN SUPPORT THEREOF

1    facts other than employing company was the subsidiary of the parent corporation.)

2    **C.    Plaintiffs Second, Fourth, Fifth, Sixth, and Seventh Causes Of Action As Alleged**
3    **Against Defendant True Should Be Dismissed Either Because They Are Barred**
     **As A Matter Of Law Or Plaintiffs Have Failed To Allege Facts Sufficient To**
     **Constitute A Cause Of Action.**
4

5          Defendant True has been named as a defendant to most of the causes of action alleged
6    in Plaintiffs' Complaint.[4]   Many of these causes of action, however, are barred as a matter of law
7    because individuals cannot be held personally liable for injuries caused by violations of the
8    applicable statutes or laws.

9          **1.    The Second, Fifth, And Sixth Causes Of Action Should Be Dismissed As**
10         **To Defendant True Because Individuals Cannot Be Held Liable For Sex,**
           **Disability Or Age  Discrimination As A Matter Of Law.**

11         Plaintiff Sanders' cause of action for sex discrimination, Plaintiff Hamilton's cause of
12   action for disability discrimination, and Plaintiff Jones' cause of action for age discrimination must
13   be dismissed as a matter of law as against Defendant True because Title VII, the Age Discrimination
14   in Employment Act ("ADEA"), and FEHA each exclude individuals from liability for their alleged
15   discriminatory acts.   *Miller v. Maxwell's Inter'l Inc.,* 991 F.2d 583, 587-588 (9th Cir. 1993) (no
16   individual liability under Title VII and the ADEA); *Reno v. Baird,* 18 Cal.4th 640, 645 (1998) (no
17   individual liability for discrimination under FEHA).   Consequently, the Court should dismiss
18   Plaintiffs' Second, Fifth, and Sixth Causes of Action for discrimination as alleged against Mr. True.

19         **2.    The Fourth Cause Of Action Should Be Dismissed As To Defendant True**
20         **Because Individuals Cannot Be Held Liable For Wrongful**
           **Termination/Discipline As A Matter Of Law.**

21         Plaintiffs' cause of action for wrongful termination/discipline cannot be brought

22   _____

23   [4]   Defendant True is the Area General Manager of the San Francisco facility and operations of
     Signature Flight.  Each Plaintiff makes numerous allegations against Mr. True.  They claim
24   Mr. True failed to promote them (Comp. ¶¶ 36, 43, 45, 54, 58); when Mr. True did promote
     them, that he subjected them to disproportionate discipline or otherwise took efforts to
25   undermine their ability to do their jobs (Comp. ¶¶ 37, 38, 50, 88); and that he retaliated against
     them for making complaints of discrimination or harassment.  (Comp. ¶¶ 40, 75).  Furthermore,
26   Plaintiff Jones contends that Mr. True suspended him following an altercation with a customer
     with the intent of having him terminated from a second job he held.  (Comp. ¶¶ 49, 113.)
27   Plaintiffs Barron-Smith and Sanders allege that Mr. True also harassed them due to their race
     and/or sex.  (Comp. ¶¶ 59, 67.)  The only causes of action not alleged against Mr. True are
28   Plaintiffs' claims for injunctive relief, assault and battery, and breach of contract/failure to
     investigate.  (Comp. 23:9, 23:22, 26:2.)

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA  95113-2303
408.998.4150

SAN_JOSE:5218847.2 049112.1000                          6.
Case No.  C 05 00490 CW

DEFENDANTS' MOTION TO DISMISS AND MPA IN SUPPORT THEREOF

against individual defendants as a matter of law. *Khajavi v. Feather River Anesthesia Medical Group,* 84 Cal.App.4th 32, 53 (2000) ("only an employer can be liable for the tort of wrongful discharge in violation of public policy"). A public policy claim arises from a duty that is imposed upon employers based upon the employee-employer relationship, not from any duty of individual supervisors or co-employees. *Id.* Likewise, as individuals cannot be personally liable for discriminatory acts under FEHA or Title VII based upon their "personnel decisions," they cannot be held personally liable based upon the same conduct, but alleged in a public policy claim. *Reno, supra,* 18 Cal.4th at 663. Therefore, Plaintiffs' Fourth Cause of Action for wrongful termination/discipline in violation of public policy should be dismissed as against Defendant True.

> **3.    The Seventh Cause Of Action Should Be Dismissed As To Defendant True Because Plaintiffs Have Not Alleged Conduct By Defendant True Sufficient To Create A Hostile Work Environment.**

Although each Plaintiff has named Defendant True as a party to their hostile work environment cause of action, they have not alleged sufficient facts establishing that a hostile work environment was caused by Mr. True. At most, Plaintiffs have alleged isolated comments or action by Mr. True, which Plaintiffs apparently have interpreted as being harassing. (Comp. ¶¶ 37, 59, 67.) Such alleged isolated comments or actions are insufficient to create an actionable hostile work environment:

> In determining what constitutes "sufficiently pervasive" harassment, the courts have held that acts of harassment cannot be occasional, isolated, sporadic, or trivial, rather the plaintiff must show a concerted pattern of harassment of a repeated, routine or a generalized nature.

*Fisher v. San Pedro Peninsula Hosp.,* 214 Cal.App.3d 590, 610 (1989). As each Plaintiff has at most alleged one single comment by Mr. True, they have failed to allege facts sufficient state a claim under their Seventh Cause of Action for a hostile working environment. This cause of action should be dismissed as against Mr. True.

> **D.    All Causes Of Action Alleged Against Defendant Smith Should Be Dismissed Either Because They Are Barred As A Matter Of Law Or Plaintiffs Have Failed To Allege Facts Sufficient To Constitute A Cause Of Action.**

Each Plaintiff has brought numerous causes of action against Defendant Smith based

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113-2303
408.998.4150

SAN_JOSE:5218847.2 049112.1000
Case No. C 05 00490 CW

7.

DEFENDANTS' MOTION TO DISMISS AND MPA IN SUPPORT THEREOF

1  on the slimmest of allegations.[5]  (Comp. ¶¶ 47, 50.)  However, other than Plaintiff Jones, no other

2  Plaintiff has alleged that he or she had any contact with Mr. Smith.  *Id.*

3           Plaintiffs concede that Mr. Smith worked at Signature Flight's corporate offices in

4  Orlando, Florida, and did not work with them in San Francisco.  (Comp. ¶ 47.)  There are no

5  allegations in the Complaint that Mr. Smith had any supervisory responsibility over any of the

6  Plaintiffs.  As a consequence, Plaintiffs have not alleged that Mr. Smith took any adverse action

7  against any of them.  For example, Plaintiff Jones' allegation with respect to Mr. Smith is simply

8  limited to that Mr. Smith investigated Mr. Jones' discrimination claims, and Mr. Jones was

9  apparently unhappy with the updates he received from Mr. Smith on the investigation's progress,

10  believing that his complaints did not change anything.  (Comp. ¶ 47.)  The only other conduct

11  attributed to Ms. Smith is that he participated in a telephone conference call with Mr. Jones  for the

12  purpose of investigating the customer complaint against Mr. Jones.  (Comp. ¶ 50.)  Although no

13  other Plaintiff had any alleged contact with Mr. Smith, each Plaintiff, with class allegations, has

14  alleged more than one cause of action against Mr. Smith for race discrimination, retaliation, age

15  discrimination, wrongful termination/discipline in violation of public policy, hostile work

16  environment, and intentional infliction of emotional distress.  (Comp. 14:23-25, 18:4-7, 19:12-13,

17  22:12-13, 25:12.)

18           **1.     The First, Third, Fourth, And Sixth Causes Of Action Should Be**
           **Dismissed As To Defendant Smith Because Plaintiffs Have Not Set Forth**
19           **Facts Establishing  That He Took Any Adverse Action Against Them.**

20           The First, Third, Fourth, and Sixth Causes of Action for discrimination, retaliation,

21  and wrongful discipline/termination as alleged against Defendant Smith should be dismissed because

22

23  [5]    Defendant Smith is Signature Flight's Vice President of Human Resources.  (Comp. ¶ 15.)  The
    sole allegations concerning Mr. Smith have to do with his role in investigating Plaintiff Jones'
24  discrimination complaints and confrontation with a customer.  (Comp. ¶¶ 47, 50.)  With regard
    to his investigation of Mr. Jones' discrimination complaints, Mr. Smith traveled from Florida to
25  San Francisco to conduct that investigation in June 2004.  (Comp. ¶ 47.)  Later, in July 2004, the
    Complaint alleges that Mr. Smith participated in a telephone conference call with Mr. Jones
26  concerning the investigation of an altercation Mr. Jones had with a customer, a few days after
    which Mr. True terminated Mr. Jones for "arguing with a customer."  (Comp. ¶ 50.)  Based on
27  these allegations, Mr. Jones has named Mr. Smith as a defendant in his age discrimination
    claim.  (Comp. 21:17-18.)  Mr. Smith also is a defendant to two of the class action claims, those
28  for race discrimination and retaliation.  (Comp. 14:23-25, 18:4-7.)

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA  95113-2303
408.998.4150

SAN_JOSE:5218847.2 049112.1000
Case No.  C 05 00490 CW

8.

DEFENDANTS' MOTION TO DISMISS AND MPA IN SUPPORT THEREOF

1  there are no adverse actions attributed to and alleged within the Complaint as to Mr. Smith.  It is

2  well-established that for a plaintiff to establish either a discrimination, retaliation or public policy

3  claim, the plaintiff must suffer some form of adverse action at the hands of the defendant.  *See Guz*

4  *v. Bechtel National, Inc.,* 24 Cal.4th 317, 355 (2000) (prima facie case of discrimination requires

5  plaintiff to provide evidence that "he suffered an adverse employment action"); *McDonnell Douglas*

6  *Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824 (1973) (plaintiff's prima facie case of

7  discrimination includes some form of adverse action); *Akers v. County of San Diego,* 95 Cal.App.4th

8  1441, 1454 (2002) (to prove retaliation plaintiff must prove she was subjected to adverse action);

9  *Brooks v. City of San Mateo,* 229 F.3d 917, 928 (9th Cir. 2000) (adverse employment action required

10  element of retaliation under Title VII); *Andersen v. Pacific Bell,* 204 Cal.App.3d 277, 283-284

11  (1988) (to state a public policy claim a plaintiff must allege that "he or she was actually disciplined"

12  by the defendant); *Garcia v. Rockwell Int'l Corp.,* 187 Cal.App.3d 1556, 1562 (1986) (plaintiff must

13  show disciplinary action by defendant to state a public policy claim).  Furthermore, to establish that

14  an actionable "adverse action" occurred, Plaintiffs are required to allege and prove that Mr. Smith's

15  conduct constituted "a substantial adverse change in the terms and conditions of the plaintiff's

16  employment."  *Akers, supra,* 95 Cal.App.4th at 1455.  Not only have Plaintiffs failed to allege that

17  Mr. Smith imposed an adverse action on them, they clearly have not set forth any facts that could

18  remotely be interpreted as demonstrating that Mr. Smith substantially changed the terms and

19  conditions of their employment.   Consequently, Plaintiffs' First Cause of Action for race

20  discrimination, Third Cause of Action for retaliation, Fourth Cause of Action for wrongful

21  termination/discipline in violation, and Sixth Cause of Action for age discrimination as alleged

22  against Mr. Smith should be dismissed.

23        **2.**    **The Fourth Cause Of Action Should Be Dismissed As To Defendant**
               **Smith Because Individuals Cannot Be Held Liable For Wrongful**

24                 **Termination/Discipline As A Matter Of Law.**

25         As discussed above with regard to Defendant True, individuals cannot be held

26  personally liable for a violation of public policy claim as a matter of law.  *Khajavi, supra,* 84

27  Cal.App.4th at 53.  Likewise, because Defendant Smith cannot be personally liable for discriminatory

28  acts under FEHA or Title VII based upon his "personnel decisions," he cannot be held personally

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113-2303
408.998.4150

SAN_JOSE:5218847.2 049112.1000
Case No.  C 05 00490 CW

9.

DEFENDANTS' MOTION TO DISMISS AND MPA IN SUPPORT THEREOF

1   liable based upon the same conduct, but alleged in a public policy claim. *Reno, supra,* 18 Cal.4[th] at

2   663. Consequently, Plaintiffs' Fourth Cause of Action for wrongful termination/discipline in

3   violation of public policy against Mr. Smith should be dismissed as a matter of law as he was not

4   their employer.

5          **3.      The Sixth Cause Of Action Should Be Dismissed As To Defendant Smith
               Because Individuals Cannot Be Held Liable For Age Discrimination As A
6               Matter Of Law.**

7          Plaintiff Jones' Sixth Cause of Action for age discrimination against Defendant Smith

8   must be dismissed as a matter of law because individuals cannot be held personally liable under the

9   ADEA and FEHA for age discrimination. *Miller, supra,* 991 F.2d at 587-588; *Reno, supra,* 18

10  Cal.4[th] at 663.

11         **4.      The Seventh Cause Of Action Should Be Dismissed As To Defendant
               Smith Because Plaintiffs Have Not Alleged Conduct By Defendant Smith
12              Sufficient To Create A Hostile Work Environment.**

13         Plaintiffs have not alleged that Defendant Smith worked with them or took any

14  actions against them. Accordingly, they have not stated a hostile work environment claim against

15  him. For "harassment to be actionable, it must be sufficiently severe or pervasive 'to alter the

16  conditions of [the victim's] employment and create an abusive working environment.'" *Meritor*

17  *Savings Bank, FSB v. Vinson,* 477 U.S. 57, 67, 106 S.Ct. 2399, 2405 (1986); *see also Fisher, supra,*

18  214 Cal.App.3d at 608 (elements of hostile environment claim under FEHA). The Complaint is

19  devoid of any such allegations against Mr. Smith. As Mr. Smith worked in Florida, and not in San

20  Francisco with Plaintiffs, it is impossible for Plaintiffs to establish a "hostile work environment"

21  claim against him because he could not have engaged in any severe or pervasive conduct directed at

22  them. (Comp. ¶ 47.)   "Conduct that is not severe or pervasive enough to create an objectively

23  hostile or abusive work environment—an environment that a reasonable person would find hostile or

24  abusive—is beyond Title VII's purview." *Harris v. Forklift Systems, Inc.,* 510 U.S. 17, 21, 114

25  S.Ct. 367, 370 (1993). As there is no factual allegation of Mr. Smith creating an abusive working

26  environment for any of the Plaintiffs, Plaintiffs' Seventh Cause of Action for creating a hostile work

27  environment must be dismissed.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113-2303
408.998.4150

SAN_JOSE:5218847.2 049112.1000
Case No.  C 05 00490 CW

10.

DEFENDANTS' MOTION TO DISMISS AND MPA IN SUPPORT THEREOF

**5.     The Eleventh Cause Of Action Should Be Dismissed As To Defendant Smith Because Plaintiffs Have Not Alleged That Defendant Smith Engaged In Extreme And Outrageous Conduct.**

As there is no unlawful discriminatory, retaliatory or harassing conduct alleged or attributed to Defendant Smith alleged in the Complaint, Plaintiffs cannot establish an intentional infliction of emotional distress claim against him.  There are no allegations of any "extreme and outrageous" conduct attributed to him.  *See Alcorn v. Anbro Engineering, Inc.,* 2 Cal.3d 493, 498-499 (1970) (plaintiff must prove extreme and outrageous conduct establish an intentional infliction of emotional distress claim).  "A simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged." *Janken v. GM Hughes Electronics,* 46 Cal.App.4th 55, 80 (1996).

Absent unlawful conduct, Plaintiffs' intentional infliction cause of action is additionally preempted by the California Workers' Compensation Act.  *Cole v. Fair Oaks Fire Protection Dist.,* 43 Cal.3d 148, 160 (1987) (workers' compensation preempts emotional distress claims arising from employer actions "which are a normal part of the employment relationship, such as demotions, promotions, criticisms of work practices"); *see also Accardi v. Superior Court,* 17 Cal.App.4th 341, 352 (1993) (only intentional infliction of emotional distress claims arising from discriminatory practices are not preempted by workers' compensation).  As Plaintiffs have only alleged that Defendant Smith participated in the investigation of Plaintiff Jones' discrimination complaints and of Mr. Jones' confrontation with a customer, there is no outrageous conduct or acts alleged outside of normal workplace interactions.  As a consequence, Plaintiffs' Eleventh Cause of Action for intentional infliction of emotional distress against Mr. Smith should be dismissed.

**E.     All Causes Of Action Alleged Against Defendant Shaw Should Be Dismissed Either Because They Are Barred As A Matter Of Law Or Plaintiffs Have Failed To Allege Facts Sufficient To Constitute A Cause Of Action.**

The only allegation against Defendant Shaw is that she participated in a telephone conference call during the investigation of Plaintiff Jones' altercation with a customer.[6]  (Comp. ¶ 50.)  Just like Defendant Smith, other than Plaintiff Jones, none of the Plaintiffs allege any contact

---

[6]     Defendant Shaw is Signature Flight's Regional Human Resources Manager.  (Comp. ¶ 16.)

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA  95113-2303
408.998.4150

SAN_JOSE:5218847.2 049112.1000
Case No.  C 05 00490 CW

11.

with Ms. Shaw.  *Id.*   Again, as with Mr. Smith, Plaintiffs do not assert that Ms. Shaw had supervisory responsibilities over them at any time or worked in San Francisco with them.  Most significantly, there are no allegations in the Complaint that Ms. Shaw took an adverse action against any Plaintiffs.  Despite the lack of contact with Ms. Shaw and any adverse employment action attributed to her, all Plaintiffs, with class allegations, have named Ms. Shaw as a defendant to their race discrimination, retaliation, wrongful termination/discipline, race/sex hostile work environment, and/or intentional infliction of emotional distress causes of action.  (Comp. 14:23-25, 18:4-7, 19:12-13, 22:12-13, 25:12.)   As with Mr. Smith, the lack of any alleged adverse action by Ms. Shaw requires that each of these causes of action should be dismissed.

**1.     The First, Third, And Fourth Causes Of Action Should Be Dismissed As To Defendant Shaw Because Plaintiffs Have Not Set Forth Facts Establishing  That She Took Any Adverse Action Against Them.**

Based upon the legal authority set forth above, as there are no adverse actions attributed to Defendant Shaw, Plaintiffs' First Cause of Action for race discrimination, Third Cause of Action for retaliation, and Fourth Cause of Action for wrongful termination/discipline should be dismissed.  *See Guz, supra,* 24 Cal.4th at 355; *McDonnell Douglas Corp., supra,* 411 U.S. at 802, 93 S.Ct. at 1824; *Akers, supra,* 95 Cal.App.4th at 1454-1455; *Brooks, supra,,* 229 F.3d at 928; *Andersen, supra,* 204 Cal.App.3d at 283-284; *Garcia, supra,* 187 Cal.App.3d at 1562.

**2.     The Fourth Cause Of Action Should Be Dismissed As To Defendant Shaw Because Individuals Cannot Be Held Liable For Wrongful Termination/Discipline As A Matter Of Law.**

Defendant Shaw additionally cannot be personally liable for the violation of public policy as alleged in Plaintiffs' Fourth Cause of Action.  *Khajavi, supra,* 84 Cal.App.4th at 53.  This is especially true given that the only action allegedly taken by Ms. Shaw was to participate in a telephone call during the investigation of Plaintiff Jones' conduct.  *Reno, supra,* 18 Cal.4th at 663.  As a result, Plaintiffs' wrongful termination/discipline in violation of public policy cause of action against Ms. Shaw should be additionally dismissed for this independent reason.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA  95113-2303
408.998.4150

SAN_JOSE:5218847.2 049112.1000
Case No.  C 05 00490 CW

12.

DEFENDANTS' MOTION TO DISMISS AND MPA IN SUPPORT THEREOF

### 3. The Seventh Cause Of Action Should Be Dismissed As To Defendant Shaw Because Plaintiffs Have Not Alleged Conduct By Defendant Shaw Sufficient To Create A Hostile Work Environment.

As Plaintiffs do not allege that they worked with Defendant Shaw or had any contact with her other than the one telephone call referenced above, they cannot establish their Seventh Cause of Action for a hostile work environment, and this claim should be dismissed. *Meritor Savings Bank, FSB,* 477 U.S. at 67, 106 S.Ct. at 2405; *Fisher, supra,* 214 Cal.App.3d at 608; *Harris, supra,* 510 U.S. at 21, 114 S.Ct. at 370.

### 4. The Eleventh Cause Of Action Should Be Dismissed As To Defendant Shaw Because Plaintiffs Have Not Alleged That Defendant Shaw Engaged In Extreme And Outrageous Conduct.

In that no specific unlawful discriminatory, retaliatory or harassing conduct is alleged against Defendant Shaw, Plaintiffs' Eleventh Cause of Action should be dismissed as against her because there is no "extreme and outrageous" conduct attributed to her, and the claim is additionally preempted by the California Workers' Compensation Act. *Alcorn, supra,* 2 Cal.3d at 498-499; *Janken, supra,* 46 Cal.App.4th at 80; *Cole, supra,* 43 Cal.3d at 160; *Accardi, supra,* 17 Cal.App.4th at 352.

### F. All Causes Of Action Alleged Against Defendant Singh Should Be Dismissed Either Because They Are Barred As A Matter Of Law Or Plaintiffs Have Failed To Allege Facts Sufficient To Constitute A Cause Of Action.

As with Defendants Shaw and Smith, Plaintiffs have named Defendant Singh as a defendant to numerous causes of action although they allege minimal conduct by him.[7] For instance,

---

[7] Defendant Singh is a Customer Service Supervisor at Signature Flight's San Francisco facility. (Comp. ¶ 14.) In 2004, Mr. Singh became the supervisor of Plaintiffs Jones and Sanders. (Comp. ¶¶ 45, 46, 67.) Thereafter, Mr. Jones claims that Mr. Singh told him that he could no longer work overtime because of his age. (Comp. ¶ 46.) Ms. Sanders claims that Mr. Singh drafted or approved of a negative evaluation of her because she made harassment complaints. (Comp. ¶ 67.) Neither Plaintiffs Hamilton nor Barron-Smith make any factual allegations against Mr. Singh. Notwithstanding the aforementioned lack of any factual allegations, each Plaintiff has named Mr. Singh as a defendant in their race discrimination claim and has also made him a party to the class allegations of race discrimination. (Comp. 14:23-26.) Likewise, Mr. Singh has been named as a defendant to Ms. Sanders' sex discrimination claim and to the class allegations of sex discrimination. (Comp. 16:16-19.) Mr. Jones has named Mr. Singh as a defendant in his age discrimination claim. (Comp. 21:17-18.) Each of the Plaintiffs also has brought his or her claim of a hostile work environment due to racial or sexual harassment against Mr. Singh. (Comp. 22:12- 13.) Finally, all of the Plaintiffs name Mr. Singh as a defendant in their claim for intentional infliction of emotional distress. (Comp. 25:12.)

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113-2303
408.998.4150

SAN_JOSE:5218847.2 049112.1000
Case No. C 05 00490 CW

13.

DEFENDANTS' MOTION TO DISMISS AND MPA IN SUPPORT THEREOF

1   while Plaintiffs Hamilton and Barron-Smith have brought claims against Mr. Singh, they do not

2   allege that he ever supervised them or took an adverse action against them.  In fact, there are only

3   two specific factual allegations with respect to Mr. Singh in the Complaint.  First, Plaintiff Jones

4   alleges that Mr. Singh refused to permit him to work back-to-back shifts because Mr. Singh thought

5   that Mr. Jones was "too old."  (Comp. ¶ 46.)  Second, Plaintiff Sanders claims that Mr. Singh drafted

6   or approved of performance evaluations of her that characterized Ms. Sanders as being too

7   "opinionated," "aggressive," "assertive," and "outspoken" because of her harassment complaints.

8   (Comp. ¶ 67.)   These allegations are insufficient to state any cause of action against Mr. Singh.

9   More importantly, many of the causes of action alleged against Mr. Singh are barred as a matter of

10   law because individual supervisors cannot be held personally liable under applicable statutes.

11       **1.**    **The First Cause Of Action Should Be Dismissed As To Defendant Singh
    Because Plaintiffs Have Not Alleged That Defendant Singh Took Any**

12   **Action Against Them Due To Their Race.**

13           Although Plaintiff Jones alleges that Defendant Singh took an adverse action against

14   him by not allowing him to work back-to-back shifts, Plaintiff Jones asserts that this was done

15   because Mr. Singh thought he was "too old."  (Compl. ¶ 46.)  Accordingly, this allegation forms the

16   basis of Plaintiff Jones' age discrimination cause of action.  (Comp. ¶ 94.)  Mr. Jones does not allege

17   that Mr. Singh refused to allow him to work overtime because of his race.  Further, there are no

18   allegations by any other Plaintiff that Mr. Singh took any adverse employment action against them,

19   based upon race, sex or any other protected status.[8]  Consequently, Plaintiffs' First Cause of Action

20   for race discrimination against Mr. Singh should be dismissed.

21       **2.**    **The Second And Sixth Causes Of Action Should Be Dismissed As To
    Defendant Singh Because Individuals Cannot Be Held Liable For Sex Or**

22   **Age Discrimination As A Matter Of Law.**

23           Plaintiffs Sanders and Jones have named Defendant Singh as an individual defendant

24   to both Ms. Sanders' Second Cause of Action for sex discrimination and Mr. Jones' Sixth Cause of

---

[8]   Although Plaintiff Sanders alleges that Defendant Singh either drafted or approved an
evaluation of her, which characterized her as being too "opinionated," "aggressive," "assertive"
and "outspoken," such allegations are insufficient to constitute an actionable "adverse
employment action."  "[M]ere oral or written criticism of an employee . . . does not meet the
definition of an adverse employment action under FEHA."  *Akers, supra,* 95 Cal.App.4[th] at
1457.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113-2303
408.998.4150

SAN_JOSE:5218847.2 049112.1000
Case No.  C 05 00490 CW

14.

DEFENDANTS' MOTION TO DISMISS AND MPA IN SUPPORT THEREOF

1   Action for age discrimination.  Both of these causes of action should be dismissed as a matter of law

2   because individual supervisors cannot be held personally liable for either sex discrimination or age

3   discrimination under federal or state law.  *Miller, supra,* 991 F.2d at 587-588 (individuals cannot be

4   held liable for damages under either Title VII or the ADEA); *Reno, supra,* 18 Cal.4th at 663

5   ("individuals who do not themselves qualify as employers may not be sued under the FEHA for

6   alleged discriminatory acts").

7       **3.    The Seventh Cause Of Action Should Be Dismissed As To Defendant
8           Singh Because Plaintiffs Have Not Alleged Conduct By Defendant Singh
            Sufficient To Create A Hostile Work Environment.**

9               Plaintiffs have brought their Seventh Cause of Action for a hostile work environment

10  based upon racial or sexual harassment against Defendant Singh.  However, they either have not

11  alleged any contact with Mr. Singh or have alleged minimal acts by him.  Moreover, with regard to

12  Plaintiffs Sanders and Jones, the same alleged acts forming the basis of their discrimination claims

13  also constitute the basis of their hostile work environment claims.  None of the Plaintiffs, however,

14  have alleged sufficient facts to establish that Mr. Singh engaged in conduct sufficient to create a

15  hostile work environment.  *See Brooks, supra,* 229 F.3d at 923-927.   At most, Ms. Sanders and

16  Mr. Jones have alleged one-time incidents by Mr. Singh that are not so severe or pervasive as to alter

17  their working environment.  *Id.*  In fact, as described above, Mr. Jones does not describe any action

18  taken or comment made by Mr. Singh that was based upon his race.  Likewise, the only conduct

19  attributed by Ms. Sanders to Mr. Singh had to do with comments in an evaluation, which are

20  insufficient to constitute an adverse employment action.  *Akers, supra,* 95 Cal.App.4th at 1457.

21  Consequently, Plaintiffs' Seventh Cause of Action based on a hostile work environment should be

22  dismissed.

23      **4.    The Eleventh Cause Of Action Should Be Dismissed As To Defendant
24          Singh Because Plaintiffs Have Not Alleged That Defendant Singh
            Engaged In Extreme And Outrageous Conduct.**

25              Each Plaintiff names Defendant Singh as a defendant in their Eleventh Cause of

26  Action for intentional infliction of emotional distress.  Again, as with Defendants Smith and Shaw,

27  because Plaintiffs cannot state discrimination or harassment claims against Mr. Singh, Plaintiffs

28  cannot establish that they were subject to extreme and outrageous conduct or that their intentional

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA  95113-2303
408.998.4150

SAN_JOSE:5218847.2 049112.1000
Case No.  C 05 00490 CW

15.

DEFENDANTS' MOTION TO DISMISS AND MPA IN SUPPORT THEREOF

1  infliction claims are not preempted by the California Workers' Compensation Act. *Alcorn, supra,* 2

2  Cal.3d at 498-499; *Janken, supra,* 46 Cal.App.4th at 80; *Cole, supra,* 43 Cal.3d at 160; *Accardi,*

3  *supra,* 17 Cal.App.4th at 352.  Consequently, their Eleventh Cause of Action for intentional infliction

4  of emotional distress should be dismissed as against Defendant Singh.

5  **IV.  CONCLUSION**

6              For the reasons stated above, Defendants respectfully request that their motion be

7  granted in its entirety and the specific causes of actions moved upon be dismissed with prejudice.

8  Dated: April 13, 2005                                    Respectfully submitted,

9

10

                                                _____

11                                              Alan B. Carlson
                                                LITTLER MENDELSON
12                                              A Professional Corporation
                                                Attorneys for Defendants
13                                              SIGNATURE FLIGHT SUPPORT
                                                CORPORATION, BBA AVIATION
14                                              SHARED SERVICES, INC., STEVE TRUE,
                                                DENNIS SMITH, LYNN SHAW AND JAY
15                                              SINGH

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA  95113-2303
408.998.4150

SAN_JOSE:5218847.2 049112.1000
Case No.  C 05 00490 CW

16.

DEFENDANTS' MOTION TO DISMISS AND MPA IN SUPPORT THEREOF

# TABLE OF AUTHORITIES

Page

## CASES

Accardi v. Superior Court
  17 Cal.App.4th 341 (1993) ................................................................... 11, 13, 16

Akers v. County of San Diego
  95 Cal.App.4th 1441 (2002) ............................................................ 9, 12, 14, 15

Alcorn v. Anbro Engineering, Inc.
  2 Cal.3d 493 (1970) ............................................................................ 11, 13, 16

Andersen v. Pacific Bell
  204 Cal.App.3d 277 (1988) .......................................................................... 9, 12

Brooks v. City of San Mateo
  229 F.3d 917 (9th Cir. 2000) ................................................................... 9, 12, 15

Burlington Industries, Inc. v. Ellerth
  524 U.S. 742 , 118 S.Ct. 2257 (1998) ................................................................... 4

Cellini v. Harcourt Brace, Co.
  51 F.Supp.2d 1028  (S.D. Cal. 1999) ................................................................... 5

Cole v. Fair Oaks Fire Protection Dist.
  43 Cal.3d 148 (1987) ............................................................................ 11, 13, 16

Faragher v. City of Boca Raton
  524 U.S. 775  118 S.Ct. 2275 (1998) ................................................................... 4

Fisher v. San Pedro Peninsula Hosp.
  214 Cal.App.3d 590 (1989) ................................................................... 7, 10, 13

Garcia v. Rockwell Int'l Corp.
  187 Cal.App.3d 1556 (1986) ........................................................................ 9, 12

Guz v. Bechtel National, Inc.
  24 Cal.4th 317 (2000) .................................................................................. 9, 12

Harris v. Forklift Systems, Inc.
  510 U.S. 17, 114 S.Ct. 367 (1993) ............................................................... 10, 13

Holly D. v. California Institute of Technology
  339 F.3d 1158  (9th Cir. 2003) ............................................................................ 5

Janken v. GM Hughes Electronics
  46 Cal.App.4th 55 (1996) ...................................................................... 11, 13, 16

Khajavi v. Feather River Anesthesia Medical Group
  84 Cal.App.4th 32 (2000) ........................................................................ 7, 9, 12

Laird v. Capital Cities/ABC, Inc.
  68 Cal.App.4th 727 (1998) ................................................................................. 5

Louisville Title Ins. Co. v. Surety Title, Guar. Co.
  60 Cal.App.3d 781 (1976) .................................................................................. 4

McDonnell Douglas Corp. v. Green
  411 U.S. 792, 93 S.Ct. 1817 (1973) ............................................................... 9, 12

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA  95113.2303
408.998.4150

**TABLE OF AUTHORITIES**
**(continued)**

Page

Meritor Savings Bank, FSB v. Vinson
   477 U.S. 57, 106 S.Ct. 2399 (1986) ....................................................................10, 13

Miller v. Maxwell's Inter'l Inc.
   991 F.2d 583 (9th Cir. 1993) .....................................................................6, 10, 15

Schaefer v. Williams
   15 Cal.App.4th 1243 (1983) ........................................................................... 4

Swenson v. Potter
   271 F.3d 1184 (9th Cir. 2001) ....................................................................... 4

Trujillo v. North County Transit Dist.
   63  Cal.App.4th 280 (1998) ........................................................................... 5

**OTHER AUTHORITIES**

California Fair Employment and Housing Act ................................................... 4

California Workers' Compensation Act ....................................................11, 13, 16

Federal Rule of Civil Procedure 12(b)(6) .................................................... 1, 2

Title VII of the Civil Rights Act of 1964 ...........................................4, 6, 7, 9, 10, 15

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA  95113.2303
408.998.4150

(NO.  C 05 00490)                   iv.

DEFENDANTS' MOTION TO DISMISS AND MPA IN SUPPORT THEREOF

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ............................................................................................... 2

II.   ISSUE TO BE DECIDED ................................................................................. 3

III.  ARGUMENT ...................................................................................................... 4

    A.    Plaintiffs' Twelfth Cause Of Action For Breach Of Contract/Failure To Investigate Should Be Dismissed As A Matter Of Law For Failing To State A Claim ................................................................................................................. 4

    B.    All Causes Of Action Alleged Against Defendant BBA Aviation Shared Services Should Be Dismissed As Plaintiffs Have Not Set Forth Any Facts Establishing Its Liability For Plaintiffs' Alleged Injuries .......................................... 5

    C.    Plaintiffs Second, Fourth, Fifth, Sixth, and Seventh Causes Of Action As Alleged Against Defendant True Should Be Dismissed Either Because They Are Barred As A Matter Of Law Or Plaintiffs Have Failed To Allege Facts Sufficient To Constitute A Cause Of Action. ........................................................ 6

        1.    The Second, Fifth, And Sixth Causes Of Action Should Be Dismissed As To Defendant True Because Individuals Cannot Be Held Liable For Sex, Disability Or Age  Discrimination As A Matter Of Law ...................... 6

        2.    The Fourth Cause Of Action Should Be Dismissed As To Defendant True Because Individuals Cannot Be Held Liable For Wrongful Termination/Discipline As A Matter Of Law ................................................ 6

        3.    The Seventh Cause Of Action Should Be Dismissed As To Defendant True Because Plaintiffs Have Not Alleged Conduct By Defendant True Sufficient To Create A Hostile Work Environment ............................ 7

    D.    All Causes Of Action Alleged Against Defendant Smith Should Be Dismissed Either Because They Are Barred As A Matter Of Law Or Plaintiffs Have Failed To Allege Facts Sufficient To Constitute A Cause Of Action ........................ 7

        1.    The First, Third, Fourth, And Sixth Causes Of Action Should Be Dismissed As To Defendant Smith Because Plaintiffs Have Not Set Forth Facts Establishing  That He Took Any Adverse Action Against Them ................................................................................................................... 8

        2.    The Fourth Cause Of Action Should Be Dismissed As To Defendant Smith Because Individuals Cannot Be Held Liable For Wrongful Termination/Discipline As A Matter Of Law ................................................ 9

        3.    The Sixth Cause Of Action Should Be Dismissed As To Defendant Smith Because Individuals Cannot Be Held Liable For Age Discrimination As A Matter Of Law ............................................................ 10

        4.    The Seventh Cause Of Action Should Be Dismissed As To Defendant Smith Because Plaintiffs Have Not Alleged Conduct By Defendant Smith Sufficient To Create A Hostile Work Environment .......................... 10

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA  95113-2303
408.998.4150

(NO.  C 05 00490)

i.

**TABLE OF CONTENTS**
**(continued)**

Page

5.  The Eleventh Cause Of Action Should Be Dismissed As To Defendant Smith Because Plaintiffs Have Not Alleged That Defendant Smith Engaged In Extreme And Outrageous Conduct..........................................11

E.  All Causes Of Action Alleged Against Defendant Shaw Should Be Dismissed Either Because They Are Barred As A Matter Of Law Or Plaintiffs Have Failed To Allege Facts Sufficient To Constitute A Cause Of Action ....................11

1.  The First, Third, And Fourth Causes Of Action Should Be Dismissed As To Defendant Shaw Because Plaintiffs Have Not Set Forth Facts Establishing That She Took Any Adverse Action Against Them ..............12

2.  The Fourth Cause Of Action Should Be Dismissed As To Defendant Shaw Because Individuals Cannot Be Held Liable For Wrongful Termination/Discipline As A Matter Of Law...............................................12

3.  The Seventh Cause Of Action Should Be Dismissed As To Defendant Shaw Because Plaintiffs Have Not Alleged Conduct By Defendant Shaw Sufficient To Create A Hostile Work Environment ..........................13

4.  The Eleventh Cause Of Action Should Be Dismissed As To Defendant Shaw Because Plaintiffs Have Not Alleged That Defendant Shaw Engaged In Extreme And Outrageous Conduct...........................................13

F.  All Causes Of Action Alleged Against Defendant Singh Should Be Dismissed Either Because They Are Barred As A Matter Of Law Or Plaintiffs Have Failed To Allege Facts Sufficient To Constitute A Cause Of Action ....................13

1.  The First Cause Of Action Should Be Dismissed As To Defendant Singh Because Plaintiffs Have Not Alleged That Defendant Singh Took Any Action Against Them Due To Their Race ..................................14

2.  The Second And Sixth Causes Of Action Should Be Dismissed As To Defendant Singh Because Individuals Cannot Be Held Liable For Sex Or Age Discrimination As A Matter Of Law ...............................................14

3.  The Seventh Cause Of Action Should Be Dismissed As To Defendant Singh Because Plaintiffs Have Not Alleged Conduct By Defendant Singh Sufficient To Create A Hostile Work Environment...........................15

4.  The Eleventh Cause Of Action Should Be Dismissed As To Defendant Singh Because Plaintiffs Have Not Alleged That Defendant Singh Engaged In Extreme And Outrageous Conduct...........................................15

IV.  CONCLUSION.........................................................................................16

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113-2303
408.998.4150

DEFENDANTS' MOTION TO DISMISS AND MPA IN SUPPORT THEREOF