LOUISE H. RENNE, ESQ. (SBN 036508)
JONATHAN V. HOLTZMAN, ESQ. (SBN 099795)
RENNE SLOAN HOLTZMAN & SAKAI, LLP
50 California Street, Suite 2100
San Francisco, CA  94111
Telephone:  (415) 678-3800
Facsimile:   (415) 678-3838
jholtzman@publiclawgroup.com

Attorneys for Plaintiffs,
DONALD HAMILTON, an individual;
BOBBY JONES, an individual; DAMON BARRON-SMITH,
an individual; and ALJARICE SANDERS, an
individual

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD HAMILTON, an individual; BOBBY JONES, an individual; DAMON BARRON-SMITH, an individual; ALJARICE SANDERS, an individual; and on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SIGNATURE FLIGHT SUPPORT CORPORATION, a Delaware corporation; BBA AVIATION SHARED SERVICES, INC., a Florida corporation;; BBA GROUP US HOLDINGS INC., a Massachusetts Corporation; STEVE TRUE, an individual; NORMAN RAMIREZ, an individual; DENNIS SMITH, an individual; VALVADEN, an individual; and DOES 1-100,<br><br>Defendants. | **Case No.: C-05-00490-CW**<br><br>**STIPULATION AND PROTECTIVE ORDER** |

This Stipulation (the "Agreement") is made between Plaintiffs Donald Hamilton, Bobby Jones, Damon Barron-Smith, and Aljarice Sanders (collectively, "Plaintiffs") and Defendants Signature Flight Support Corporation, BBA Aviation Shared Services, Inc., BBA Group US

1

1 Holdings, Inc., Steve True, Dennis, and Norman Ramirez ("Defendants"), through their
2 respective attorneys of record, with reference to the following facts and terms:
3     1.   Plaintiffs filed this action against Defendant, designated as Civil Action Number
4 C-05-00490-CW in the United States District Court for the Northern District of California
5 ("District Court action").
6     2.   The parties may be producing documents or providing information or testimony
7 in or in connection with the District Court action that contains business, competitive,
8 confidential, proprietary, private, trade secret or other information of a sensitive nature
9 ("Confidential Information").
10    3.   The parties wish to facilitate discovery while concurrently providing protection to
11 the party that has produced the documents or information and testimony that constitute or contain
12 Confidential Information. The parties acknowledge and agree that, absent this Protective Order,
13 the party seeking the Confidential Information otherwise would have been required to file a
14 motion with the District Court to obtain the information, documents or materials designated as
15 Confidential Information and the Confidential Information would not have been produced but for
16 the protection afforded by this Protective Order.
17    4.   Documents claimed by the producing part to be or to contain Confidential
18 Information shall, prior to production, be marked by the producing party as "Confidential –
19 Subject to Protective Order." Placement of the "Confidential – Subject to Protective Order"
20 designation on each protected page or on the initial page of a document when it is produced shall
21 constitute notice to all other persons that the producing party believes that the document contains
22 Confidential Information. Copies, extracts, summaries, notes, and other derivatives of
23 Confidential Information shall also be deemed Confidential Information and shall be subject to
24 the provisions of this Agreement.
25    5.   Depositions or portions of depositions or testimony may be designated as
26 Confidential Information either by an examining party's attorney or by an attorney defending or
27 otherwise attending the deposition. A person claiming that a deposition or any portion of a
28 deposition is or contains Confidential Information shall give notice of such claim to the parties to

RENNE SLOAN HOLTZMAN & SAKAI, LLP
Attorneys at Law

the District Court action either prior to or during the deposition, or within twenty-eight (28) days after mailing of the deposition transcript, and the testimony taken and the transcript of such deposition shall be designated as Confidential Information.

6. Confidential Information may be disclosed only as follows:

(a) To counsel of record or consulting counsel for a party in the District Court action, and secretaries, paralegals and other staff employed in the offices of such counsel to whom it is necessary that the Confidential Information be disclosed for purpose of the District Court action;

(b) To the parties after they have been given a copy of this Agreement and Order;

(c) The Court and Court personnel in this District Court action;

(d) To court reporters and videographers engaged for depositions who have been given a copy of this Agreement and Order and who have signed an undertaking in the form of Exhibit A hereto;

(e) To any person who is retained by a party as a consultant or as a testifying expert in connection with the District Court action, provided that Confidential Information shall only be disclosed to any such person (1) to the extent necessary for that person to perform his or her work in connection with the District Court action, and (2) after such person has been given a copy of this Agreement and Order and has signed an undertaking in the form of Exhibit A hereto;

(f) Witnesses at deposition, arbitration or trial, provided that the witness signs an undertaking in the form of Exhibit A prior to being shown Confidential Information;

(g) Any mediator, judge or arbitrator before whom the parties mediate the claims asserted in the District Court action.

7. Confidential Information shall be used or disclosed by the party and persons to who it is directed solely for purposes of and only to the extent reasonably necessary to prosecute or defend this District Court action or the related litigation currently pending before the Court (Civil Action No. C-05-1101-CW). Confidential Information shall not be used or disclosed by

3

such party or persons for any other purpose, unless specifically agreed to in writing by all the parties to this action or as authorized by further order of the Court.  No person who is furnished Confidential Information shall disclose it to any person not entitled under this Order to receive it.

8. Each person to whom the disclosure of any Confidential Information is made shall not, directly or indirectly, use, disclose, or disseminate, or attempt to use, disclose, or disseminate, any such information except as expressly provided in this Agreement.

9. If Confidential Information is to be discussed or disclosed during a deposition, the producing party shall have the right to exclude from attendance at the deposition, during the time the Confidential Information is to be discussed or disclosed, any person not entitled under this Agreement to receive the Confidential Information with the exception of parties or other persons as set forth in Paragraph 3 above.

10. Nothing in this Agreement shall prevent the producing party from disclosing its own Confidential Information to any person as it or he deems appropriate.

11. Inadvertent failure to designate documents or information as Confidential Information shall not waive a party's right to so designate such documents or information at a later time, expect as provided in Paragraph 5.

12. If the parties cannot agree as to the designation of any particular information, document or material after good faith discussion, any party may challenge another party's designation of information, documents or materials as "Confidential Information" by filing a motion with the District Court to have the designation revoked.  In the event that a party files such a motion, all parties shall continue to treat the information, documents or materials in question as confidential until the District Court has ruled on the motion.

13. If a dispute arises as to whether a particular person should be granted access to Confidential Information, the party seeking to prevent disclosure may move the Court or file an ex parte application to prevent the disclosure.

14. Counsel for each party shall take all reasonable precautions to prevent unauthorized or inadvertent disclosure of any Confidential Information.

15. Nothing in this Agreement shall constitute a waiver of any objection to the discoverability or admissibility of any Confidential Information or preclude the parties from seeking any available protection with respect to any Confidential Information.

16. Parties may seek subsequent designation of produced documents as privileged via noticed motion within six months of production. If contested, the burden of justifying the privilege designation shall rest on the producing or moving party, and the receiving party shall be permitted to retain one copy of the challenged document for purposes of contesting the motion.

17. This Agreement shall apply to the production of all Confidential Information in this action, whether such information is informally produced or produced in response to a formal discovery request or Court order.

18. Within sixty (60) days of the final termination of the action by judgment, appeal, settlement, or otherwise, or sooner if so ordered by the Court, the parties to whom Confidential Information was disclosed shall either destroy the documents or things containing such information or return them to the producing party at the producing party's option.

19. This Agreement shall become effective only upon its approval by the Court.

20. This Agreement may be amended only by written agreement of the parties approved by the Court.

21. Nothing in this order shall be construed to prohibit Plaintiffs and their counsel from disclosing or discussing the contents of any documents produced and marked confidential with any other counsel, including attorneys from the United States Equal Employment Opportunity Commission, engaged in pending related litigation (Civil Action No. C-05-1101-CW), if such other counsel agrees to the terms of this protective order.

**SO STIPULATED:**

| | |
|---|---|
| Dated: October \_\_\_\_\_, 2005 | RENNE SLOAN HOLTZMAN & SAKAI LLP |
| | By: _____ <br> Louise H. Renne <br> Jonathan V. Holtzman <br> Ingrid M. Evans <br> Attorneys for Plaintiffs Donald Hamilton, Bobby Jones, Aljarice Sanders, and Damon Barron-Smith |
| Dated: October \_\_\_\_\_, 2005 | LITTLER MENDELSOHN |
| | By: _____ <br> Alan B. Carlson <br> Robert J. Wilger <br> Attorneys for Defendants Signature Flight Support Corporation, BBA Aviation Shared Services, BBA Group US Holdings, Inc., Steve True and Dennis Smith |
| Dated: October \_\_\_\_\_, 2005 | COOK & ROOS |
| | By: _____ <br> Mike Wilbur <br> Attorney for Defendant Norman Ramirez |

**APPROVED AND SO ORDERED:**

Dated: 10/25/05         /s/ CLAUDIA WILKEN

_____
The Honorable Claudia Wilken
United States District Court Judge

# EXHIBIT A

## NONDISCLOSURE AGREEMENT

I have been designated by [PARTY NAME] as a person who may have access to Confidential Information as that term is defined in the Stipulation and Protective Order (the "Order") entered in *Hamilton, et al. v. Signature Flight Support Corp., et al.*, United States District Court for the Northern District of California, Civil Action No. C-05-00490-CW.

I certify that I have read and am fully familiar with the terms of the Order. I agree to be bound by it and to comply fully with it. I agree that I will use the Confidential Information only for purposes of the District Court action and will not use the Confidential Information for any other purpose. I also agree that I will not permit the unauthorized viewing or disclosure of Confidential Information as set forth in the Order. I consent to the jurisdiction of said Court for any action to enforce this undertaking.

I declare under penalty of perjury that the foregoing is true and correct and that this Agreement was executed in _____ on _____, 2005.

_____
Name

_____
Address

_____
Employer

_____
Job Title

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

I, the undersigned, am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 188 The Embarcadero, Suite 200, San Francisco, CA, 94105. On October 25, 2005, I served with following documents(s) by the method indicated below:

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

by placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, in the **United States mail** at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited in the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

by placing the document(s) listed above in the sealed envelope(s) and by **causing messenger delivery** of the envelope(s) to the person(s) at the address(es) set forth below. I am readily familiar with the business practice of my place of employment with respect to the collection and processing of correspondence, pleadings and notices for hand delivery. On October 25, 2005, I caused to be served via messenger the above-listed documents.

by **personally delivering** the document(s) listed above to the person(s) at the address(es) set forth below.

by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

Val Vaden
330 Primrose Road, Suite 505
Burlingame, CA  94010

I declare under penalty of perjury under the laws of the United States that the forgoing is true and correct, and that I am employed by an officer of a member of the bar of this Court at whose direction the service was made. Executed on October 25, 2005, at San Francisco, California.

                                                    Mark Allen

Proof of Service - STIPULATION AND [PROPOSED] PROTECTIVE ORDER
Case No. C-05-00490-CW

RENNE SLOAN HOLTZMAN & SAKAI, LLP
Attorneys at Law