ALAN B. CARLSON, Bar No. 055090, acarlson@littler.com
ROBERT J. WILGER, Bar No. 168402, rwilger@littler.com
LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street, 14th Floor
San Jose, CA 95113.2303
Telephone: 408.998.4150

Attorneys for Defendants
SIGNATURE FLIGHT SUPPORT CORPORATION;
BBA AVIATION SHARED SERVICES, INC.;
BBA GROUP U.S. HOLDINGS, INC.; STEVE TRUE;
DENNIS SMITH; VAL VADEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD HAMILTON, an individual; BOBBY JONES, an individual; DAMON BARRON SMITH, an individual; ALJARICE SANDERS, an individual; and on behalf of themselves and other similarly situated;<br><br>Plaintiffs,<br><br>v.<br><br>SIGNATURE FLIGHT SUPPORT CORPORATION, a Delaware corporation; BBA AVIATION SHARED SERVICES, INC., a Florida corporation; BBA GROUP US HOLDINGS INC., a Massachusetts corporation; STEVE TRUE, an individual; NORMAN RAMIREZ, an individual; DENNIS SMITH, an individual; VAL VADEN, an individual; and DOES 1-100;<br><br>Defendants. | Case No. C 05 00490 CW<br><br>**NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE INDIVIDUAL PROMOTION CLAIMS OF PLAINTIFF DAMON BARRON-SMITH**<br><br>Date: January 6, 2006<br>Time: 10:00 a.m.<br>Dept.: 2<br><br>Trial Date: None |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

FIRMWIDE:80635499.1 049112.1002

CASE NO. C 05 00490 CW

Notice Of Motion & Motion For Partial Sum Jud On Promotion Claims Of Plt Barron-Smith

# TABLE OF CONTENTS

Page

I. STATEMENT OF RELEVANT FACTS ................................................................................. 1
   A. The San Francisco International Airport Operations Of Signature Flight .................... 1
      1. The Business Of Defendant Signature Flight ..................................................... 1
      2. The Assumption Of Operations From AMR Combs On March 4, 1999 ........... 2
      3. The Employment Structure Of Signature Flight At Its San Francisco International Airport Operations ......................................................................... 2
      4. The Job Posting Policy Of Signature Flight ....................................................... 3
   B. The December 8, 1999 Hire Of Plaintiff Barron-Smith As A Line Service Technician And Subsequent Pay Increases ..................................................................... 3
   C. The June 2003 Opening For Operations Supervisor ...................................................... 3
   D. The April 2004 Application Of Plaintiff Barron-Smith For Promotion To Operations Supervisor ..................................................................................................... 4
   E. Plaintiff Barron-Smith's October 2004 Promotion To Lead Line Service Technician And Plaintiff Hamilton's Promotion To Operations Manager ................... 6

II. ARGUMENT ............................................................................................................................... 6
   A. Legal Standard For Summary Judgment/Summary Adjudication ............................... 6
   B. Plaintiff Barron-Smith's First Cause of Action For Race Discrimination Based On The Refusal To Promote Him Is Subject To Partial Summary Judgment ............. 7
      1. Plaintiff Barron-Smith Cannot Prove That He Was Discriminated Against On The Basis Of Race With Respect To The June 2003 Promotional Opportunity ............................................................................... 8
         a. Plaintiff Barron-Smith Cannot Establish A Prima Facie Case Of Discrimination Based On The June 2003 Promotional Opportunity Because He Never Applied For The Job .......................... 8
         b. Alternatively, Plaintiff Barron-Smith Cannot Prove That The Stated Reasons For The Denied Promotion Is A Pretext For Race Discrimination ........................................................................... 9
      2. Plaintiff Barron Smith Cannot Prove That He Was Discriminated Against On The Basis Of Race With Respect To the April/September 2004 Promotional Opportunity ................................................................... 11
         a. Plaintiff Barron-Smith Cannot Establish a Prima Facie Case Of Race Discrimination Because The Position Was Given To Others Within Barron-Smith's Protected Class ................................ 11

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

# TABLE OF CONTENTS
(continued)

Page

      b. Alternatively, Plaintiff Barron-Smith Cannot Prove That The Stated Reasons For The Denied Promotion Is A Pretext For Race Discrimination.................................................................................. 12

III. CONCLUSION ........................................................................................................ 14

# TABLE OF AUTHORITIES

Page

## CASES

*Anderson v. Liberty Lobby, Inc.*
477 U.S. 242 106 S. Ct. 2505 (1986) ................................................................ 6

*Brown v. Coach Stores, Inc.*
163 F.3d 706 (2nd Cir. 1998) ............................................................................ 9

*Celotex Corp. v. Catrett*
477 U.S. 317 (1986) .......................................................................................... 6

*Chambers v. Wynne School Dist.*
909 F.2d 1214 (8th Cir. 1990) .......................................................................... 8

*Chaves v. Thomas,*
35 FEP Cases 397 (D.D.C. 1984) ................................................................... 13

*Coghlan v. American Seafoods Co.*
413 F.3d 1090 (9th Cir. 2005) ..................................................................... 8, 11

*Coleman v. The Quaker Oats Co.*
232 F.3d 1271 (9th Cir. 2000) .......................................................................... 7

*Cruz v. Coach Stores, Inc.,*
202 F.3d 560 (2nd Cir. 2000) ............................................................................ 9

*Douglas v. Marsh,*
53 FEP 503 (N.D. Cal. 1988), *aff'd*, 895 F.2d 1416 (9th Cir. 1990) ............ 8, 9

*Eisenberg v. Insurance Co. of N.A.*
815 F.2d 1285 (9th Cir. 1987) .......................................................................... 7

*Ficks v. Wick*
691 F. Supp. 385 (D.D.C. 1988) .................................................................... 10

*Gonzales v. MetPath, Inc.*
214 Cal.App.3d 422 (1989) ............................................................................ 10

*Jefferies v. Harris County Community Action Assoc.*
693 F.2d 589 (5th Cir. 1982) .......................................................................... 10

*Kofer v. Pelham*
710 F.Supp. 483 (S.D.N.Y. 1989) .................................................................. 12

*McDonnell-Douglas Corp. v. Green,*
411 U.S. 792, 93 S.Ct. 1817 (1973) ................................................................. 8

*McGinest v. GTE Serv. Corp.*
360 F.3d 1103 (9th Cir. 2004) .......................................................................... 8

*McMillan v. Svetanoff*
878 F.2d 186 (7th Cir. 1989) ............................................................................. 9

*McNeill v. Greyhound Lines, Inc.*
31 FEP Cases 1068 (S.D. Fla. 1983) .............................................................. 13

*Nawrot v. CPC Int'l.*
277 F.3d 896 (7th Cir. 2002) ..................................................................... 12, 13

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

# TABLE OF AUTHORITIES
## (continued)

Page

*Odima v. Westin Tucson Hotel*
  991 F.2d 595 (9th Cir. 1993) .................................................................................... 10

*Parson v. County of Del Norte*
  728 F.2d 1234 (9th Cir. 1994) ............................................................................ 10, 12

*Perry v. CBS Tel. Network News*
  31 FEP Cases 947 (D.D.C. 1983) ............................................................................ 12

*Sengupta v. Morrison-Knudsen Co.*
  804 F.2d 1072 (9th Cir. 1986) ................................................................................. 12

*Spaulding v. United Transp. Union*
  279 F.3d 901 (10th Cir. 2002) ................................................................................... 6

*St. Mary's Honor Center v. Hicks*
  438 U.S. 502 (1993) .................................................................................................. 8

*Taylor v. Hudson Pulp & Paper Corp.*
  788 F.2d 1455 (11th Cir. 1986) ....................................................................... 5, 9, 11

*Texas Dept. of Comm. Affairs v. Burdine*,
  450 U.S. 248 (1981) .................................................................................................. 9

*Trowbridge v. AT&T, Inc.*
  54 FEP Cases 346 (N.D.Ill. 1990) ........................................................................... 14

*Victory v. Hewlett-Packard Co.*,
  34 F.Supp.2d 809 (E.D.N.Y. 1999) ........................................................................... 9

*Wallace v. Methodist Hosp. Sys.*
  271 F.3d 212 (5th Cir. 2001) ................................................................................... 13

*Williams v. Herman Goelitz Candy Co.*
  70 FEP Cases 719 (E.D.Cal. 1995) ......................................................................... 13

*Wilson v. Legal Assistance*
  669 F.2d 562 (8th Cir. 1982) ..................................................................................... 7

*Wright ex rel. Trust Co. of Kansas v. Abbott Labs., Inc.*
  259 F.3d 1226 (10th Cir. 2001) ................................................................................. 6

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

(NO. C 05 00490)   ii.

# NOTICE OF MOTION AND MOTION

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

YOU ARE HEREBY NOTIFIED that on Friday, January 6, 2006, at 10:00 a.m., or as soon thereafter as the matter can be heard in Courtroom 2 of the United States District Court, located at 1301 Clay Street, Oakland, California, Defendants Signature Flight Support Corporation, BBA Aviation Shared Services, Inc., BBA Group U.S. Holdings, Inc., Steve True, and Dennis Smith will move and hereby do move this Court for an order of partial summary judgment on the individual promotion claims of Plaintiff Damon Barron-Smith on the grounds stated herein.

## STATEMENT OF ISSUES TO BE DECIDED

The instant motion presents the Court with the following issues for decision:

1. Whether Signature Flight has engaged in an unlawful practice of refusing to promote Plaintiff Barron-Smith on the basis of race.[1]

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENT OF RELEVANT FACTS

**A. The San Francisco International Airport Operations Of Signature Flight.**

**1. The Business Of Defendant Signature Flight.**

San Francisco International Airport, hereinafter "Airport," services commercial airlines as well as general aviation aircraft, namely private and corporate aircraft. The latter arrive to and leave from a private FBO facility located at the Airport. The Airport contracts with Signature Flight to operate this private terminal at which Signature Flight provides fueling, customer service, and ground handling support to private aircraft. Signature Flight has similar operations at 46 airports within the United States. (Declaration of Steven J. True in Support of Defendants' Motion for Partial Summary Judgment on the Individual Promotion Claims of Plaintiff Damon Barron-Smith filed herewith, hereinafter "True Dec.," ¶ 2.)

---

[1] In the First Cause of Action of Plaintiffs' First Amended Complaint, hereinafter "Comp.," Plaintiff Barron-Smith alleges that the Corporate Defendants, as well as Defendants True and Smith, refused to promote him because of his race in violation of Title VII of the Civil Rights Act of 1964, hereinafter "Title VII," 42 U.S.C. § 1981, and the California Fair Employment and Housing Act, hereinafter "FEHA." (Amended Comp. ¶¶ 23, 57, 61.b, 62-64.)

2.  **The Assumption Of Operations From AMR Combs On March 4, 1999.**

Effective March 4, 1999, Signature Flight commenced operating the private FBO terminal at the Airport, having acquired these operations in Signature Flight's acquisition of AMR Combs. As a consequence, on March 4, 1999, former employees of AMR Combs became employees of Signature Flight, including Defendants True[2] and Ramirez.[3] (True Dec. ¶ 3.)

3.  **The Employment Structure Of Signature Flight At Its San Francisco International Airport Operations.**

The business of Signature Flight at San Francisco Airport is seven days a week, 24 hours a day. The operation is divided into two segments, ramp operations and customer service. Ramp operations or services utilize employees in servicing and fueling aircraft. Customer service operations involved employees providing a variety of services to customers such as payment for services, baggage handling, cleaning aircraft, arranging rental cars, hotels, etc. (True Dec. ¶ 7.)

Line Service Technicians service and fuel aircraft. Above this position is that of Lead Line Service Technician.[4] The position next in supervision is Operations Supervisor.[5] There is not, and has not always been, a Lead Line Service Technician or Operations Supervisor on every shift.

---

[2] Defendant True has worked for different employers at the private FBO at the Airport since 1965. In 1989, while employed by Butler Aviation, he became the General Manager of the facility. On December 9, 2002, he assumed the position of Area General Manager with responsibility for Signature Flight's San Francisco, Santa Barbara, and Orange County, California airport operations. (True Dec. ¶¶ 1, 4.) Within Signature Flight's San Francisco operations, Mr. True has supervisory responsibility for all employees within the operation. Mr. True makes all final decisions to hire, promote, discipline, and demote employees. Regarding employee terminations, Mr. True obtains concurrence for such from corporate human resources personnel. Mr. True must make all final decisions as to employee compensation. (True Dec. ¶¶ 4, 5.)

[3] Defendant Ramirez was initially employed at AMR Combs on April 8, 1996. While employed by AMR Combs, Mr. Ramirez was promoted to Operations Supervisor, the position he held when Signature Flight acquired the San Francisco operations through acquisition of AMR Combs. On April 1, 2002, Mr. Ramirez transferred to HSE&T Supervisor, and then to Customer Service Manager on August 1, 2002. Mr. Ramirez became Operations Manager on March 24, 2003, and held that position upon his resignation from the Company on December 14, 2004. (True Dec. ¶ 6.)

[4] Employees that become Lead Line Service Technicians generally start as Line Service Technicians. With the Lead position comes more responsibility as well as the opportunity for higher compensation and advancement to an Operations Supervisor. (True Dec. ¶ 8.)

[5] The position of Operations Supervisor has in the past been titled General Aviation Supervisor and Line Service Technician Supervisor. (True Dec. ¶ 8.) "Operations Supervisor" will be used herein.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

FIRMWIDE:80635499.1 049112.1002                 2.                 CASE NO. C 05 00490 CW

Notice Of Motion & Motion For Partial Sum Jud On Promotion Claims Of Plt Barron-Smith

(True Dec. ¶ 8.)

Above the Operations Supervisor positions are the Operations Manager, Assistant General Manager, and General Manager, positions which generally have responsibility of all FBO operations.[6] (True Dep. ¶¶ 10, 13.)

### 4. The Job Posting Policy Of Signature Flight.

Signature Flight has a policy to post internally open employment positions that it seeks to fill.[7] (Deposition of Damon Barron-Smith., hereinafter "Barron-Smith Dep." 124:12-15.) The employment position, and a position description with its qualifications, is posted with a deadline for employee applications. Applying employees are thereafter considered for the position with the promotion selection being made by or with the final approval of Defendant True. (True Dec. ¶ 14.)

## B. The December 8, 1999 Hire Of Plaintiff Barron-Smith As A Line Service Technician And Subsequent Pay Increases.

Plaintiff Barron-Smith was hired by Signature Flight as a Line Service Technician on December 8, 1999. (True Dec. ¶ 15; Barron-Smith Dep. 48:13-17.) Mr. Barron-Smith learned of the employment opportunity from Plaintiff Hamilton, who was then working as the Lead Line Service Technician for Signature Flight's San Francisco FBO. (Barron-Smith Dep. 77:4-19.) Mr. Barron-Smith knew Mr. Hamilton because the two had attended classes together at San Francisco City College. (Barron-Smith Dep. 77:4-19.)

## C. The June 2003 Opening For Operations Supervisor.

Effective May 31, 2003, Plaintiff Hamilton was demoted from the Operations Supervisor position. (True Dec. ¶ 16.) Plaintiff Barron-Smith admits he never applied for the resulting open Operations Supervisor position following Mr. Hamilton's demotion, nor did he

---

[6] Other support positions also exist or have existed within the San Francisco operation, including Accounting Manager and Clerk, Facilities Maintenance Manager and Technician, GSE Mechanic, HSE&T Supervisor or Manager, Human Resources Manager, Monitoring Agent, Driver, and Valet. However, the majority of employees in the San Francisco FBO workforce are employed as Line Service Technicians, Customer Service Representative, and the respective Lead positions for these classifications. (True Dep. ¶ 13.)

[7] On occasion, formerly occupied employment positions have not been posted when decisions have been made for a variety of reasons, including economic, to not fill a position, abolish a position, or move a vacant position to a different shift. (True Dec.¶ 14.)

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

FIRMWIDE:80635499.1 049112.1002    3.    CASE NO. C 05 00490 CW

Notice Of Motion & Motion For Partial Sum Jud On Promotion Claims Of Plt Barron-Smith

inform Mr. True of his interest in Mr. Hamilton's former position.[8] (Barron-Smith Dep. 127:17-128:7; True Dec. ¶ 17.) Instead, Mr. Barron-Smith claims that the job opening for the Operations Supervisor position was never posted.[9] Regardless, Signature Flight received two applicants for this position, Macario Liporada and Brad Haines. (True Dec. ¶ 18.)

Brad Haines received his Bachelor's Degree in Business Administration from Notre Dame University. (True Dec. ¶ 19, Exh. 2.) He also had prior managerial and supervisory experience as an Assistant Manager for Enterprise Rental Car and eight years of prior experience as a Line Service Technician for Blue Hawaiian Helicopters. (*Id.*) Moreover, Mr. Haines had prior customer service experience as an Assistant Manager with Enterprise and as a Customer Service Representative with Signature Flight, and already knew how to operate Signature Flight's Point-of-Sale ("POS") machines. (*Id.*) Consequently, Mr. True determined that Mr. Haines was the most qualified and promoted him to the Operations Supervisor position in June 2003.[10] (True Dec. ¶ 19.)

D. **The April 2004 Application Of Plaintiff Barron-Smith For Promotion To Operations Supervisor.**

In April 2004, one of the Operations Supervisors at the San Francisco FBO, Jay Singh, transferred to the position of Customer Service Supervisor. This created an open Operations Supervisor position which was posted in April 2004. (True Dec. ¶21, Exh. 4; Barron-Smith Dep.

---

[8] Effective December 9, 2002, Mr. True assumed responsibility for the Company's Santa Barbara FBO. On April 28, 2003, Daniel Harris, who is African-American, was promoted from Lead Line Service Technician to Operations Supervisor at Santa Barbara. Prior thereto, Mr. True interviewed Mr. Harris for this position and thereafter approved his promotion to it. Accordingly, just 32 days before Mr. True demoted Mr. Hamilton from the Operations Supervisor position in San Francisco, he had promoted an African-American, Mr. Harris, to that same employment position in Santa Barbara. Thereafter, on December 8, 2003, Mr. True promoted Mr. Harris to Operations Manager, the second highest management position at Santa Barbara, and the equivalent to Defendant Ramirez' position in San Francisco. (True Dec. ¶ 16.)

[9] Consistent with Signature Flight's policies, the open position was posted for application. (True Dec. ¶ 17, Exh. 1.) However, for purposes of this motion only, Signature Flight will assume that Plaintiff Barron-Smith's assertion that the position was never posted is true. (Barron-Smith Dep. 128:4-9.)

[10] Even if Plaintiff Barron-Smith had applied for the June 2003 Operations Supervisor position, Defendant True nonetheless would have selected Brad Haines because Mr. True judged Mr. Haines more qualified than Mr. Barron-Smith. In contrast to Mr. Haines' qualifications, Mr. Barron-Smith did not have a Bachelor's Degree; he had no prior managerial or supervisory experience; and had only four years of experience as a Line Service Technician. In addition, Mr. Barron-Smith had no prior customer service experience. (True Dec. ¶¶ 20.)

126:17-21.) In response to the posting, three individuals submitted applications for the Operations Supervisor position: Plaintiff Barron-Smith, Patrick Brill, and Michael Siron.[11] (True Dec. ¶ 22.) Each applicant was interviewed by Defendant True, Mr. Ramirez, and Robert Upchurch, the HSE&T Supervisor.[12] (*Id.*) Following the interviews, Mr. True determined that none of the applicants were qualified for the Operations Supervisor position, and thus decided that the position would not be filled at that time.[13] (True Dec. ¶¶ 23, 24.)

Having determined that none of the applicants were qualified for the April 2004 Operations Supervisor position, Defendant True decided to assign Cliff Taylor, an African-American, to assume the duties of the position which involved shift supervision of ramp operations. Mr. Taylor was an Operations Supervisor that Mr. True had promoted to that position in December 1997. Prior to moving Mr. Taylor to this position, he was the Operations Supervisor in charge of training at the San Francisco FBO. (True Dec. ¶ 23.)

At the time the decision was made, Defendant True explained to Plaintiff Barron-Smith that he was not ready for the Operations Supervisor position because he had no prior experience managing or supervising other employees. Mr. True further explained to Mr. Barron-Smith that he wanted him to gain experience as a Lead Line Service Technician before being considered for the Operations Supervisor position. (True Dec. ¶ 25; Barron-Smith Dep. 139:22-140:21.) Within a few months, Signature Flight posted two openings for Lead Line Service Technician. The first remained posted through July 2, 2004, and the second remained posted through August 4, 2004. (True Dec. ¶ 25, Exh. 6 and 7.) Significantly, and despite Mr. True's

---

[11] Neither Mr. Brill nor Mr. Siron are African-American. (True Dec. ¶ 22.)

[12] During Plaintiff Barron-Smith's interview for the April 2004 Operations Supervisor position, Mr. True asked Mr. Barron-Smith if he were to obtain the supervisor position whether he would consider cutting his hair, which extended beyond his shoulder, in compliance with the Company's grooming policy for male supervisors. (True Dec. ¶ 22.) Plaintiff Barron-Smith responded that he could not give an answer. (*Id.*) A copy of Signature Flight's grooming policies is attached to Mr. True's declaration. (True Dec. ¶ 22, Exh. 5.)

[13] The basis for Defendant True's decision not to promote Plaintiff Barron-Smith to the open April 2004 Operations Supervisor positron was not his race or length of his hair. Instead, the basis for his decision was that Mr. Barron-Smith did not have the qualifications and experience for the position, the same judgment Mr. True made with respect to Patrick Brill or Michael Siron. (True Dec. ¶ 24.)

1  previous counsel, Mr. Barron-Smith did not to apply for either position. (Barron-Smith Dep.
2  148:13-149:25; 152:15-25; True Dec. ¶ 25.)

3      E.    **Plaintiff Barron-Smith's October 2004 Promotion To Lead Line Service Technician And Plaintiff Hamilton's Promotion To Operations Manager.**
4

5          In September 2004, the Operations Supervisor position, along with the two Lead Line
6  Service Technician positions, were again posted for application. (True Dec. ¶¶ 26, 27, Exh. 8.)
7  Plaintiff Hamilton was subsequently promoted by Defendant True to the Operations Supervisor
8  position. (Hamilton Dep. 160:11-161:11; 167:9-170:22.) Mr. True also promoted Plaintiff Barron-
9  Smith to one of the open Lead Line Service Technician positions effective October 30, 2004.
10  (Barron-Smith Dep. 145:24-146:4; True Dec. ¶ 27.)

11  **II.    ARGUMENT**

12      A.    **Legal Standard For Summary Judgment/Summary Adjudication**

13          Summary judgment is appropriate if the moving party demonstrates that there is "no
14  genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed.
15  R. Civ. P. 56(c). In applying this standard, the court views the evidence and all reasonable
16  inferences therefrom in the light most favorable to the nonmoving party. *Spaulding v. United*
17  *Transp. Union*, 279 F.3d 901, 904 (10th Cir. 2002). A fact is "material" if, under the applicable
18  substantive law, it is "essential to the proper disposition of the claim." *Wright ex rel. Trust Co. of*
19  *Kansas v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231-32 (10th Cir. 2001) (citing *Adler v. Wal-Mart*
20  *Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)). An issue of fact is "genuine" if "there is sufficient
21  evidence on each side so that a rational trier of fact could resolve the issue either way." *Adler*, 144
22  F.3d at 670 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505 (1986)).

23          Where the nonmoving party bears the ultimate burden of proof, as Plaintiff Barron-
24  Smith does in this case, the moving party may meet its burden by pointing to the absence of
25  evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). A
26  mere "scintilla" of evidence supporting the nonmoving party's position will not suffice. There must
27  be enough of a showing that a jury could reasonably find for the nonmoving party. *Anderson, supra,*
28  477 U.S. 242, 106 S. Ct. 2505. "If the evidence is merely colorable...or is not significantly

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

FIRMWIDE:80635499.1 049112.1002    6.    CASE NO. C 05 00490 CW

Notice Of Motion & Motion For Partial Sum Jud On Promotion Claims Of Plt Barron-Smith

probative, summary judgment may be granted." *Eisenberg v. Insurance Co. of N.A.*, 815 F.2d 1285, 1288 (9th Cir. 1987). Here, Plaintiff Barron-Smith has no evidence to support his claim for discriminatory failure to promote and it is thus appropriate for judgment.

**B. Plaintiff Barron-Smith's First Cause of Action For Race Discrimination Based On The Refusal To Promote Him Is Subject To Partial Summary Judgment.**

In his Complaint, Plaintiff Barron-Smith claims that he was discriminatorily denied promotion because of his race (African-American). (Amended Comp., ¶¶ 57, 61(b).) Specifically, Mr. Barron-Smith claims that he was twice passed over for a promotion to the position of Operations Supervisor, first in June 2003 and then again in April and September 2004 (when the position was posted and then reposted).[14] (Comp., ¶ 57.) Mr. Barron-Smith brings his claims under Title VII, FEHA, and Section 1981. Regardless of its statutory basis or the discriminatory act alleged, however, Mr. Barron-Smith's claims fail because, as discussed more fully below, he has no evidence of discrimination.

In order to prove intentional employment discrimination based on race, the following burden-shifting analysis is utilized: (1) the plaintiff must first establish a *prima facie* case; (2) the defendant may then come forward with evidence to articulate a nondiscriminatory business reason for its actions; and (3) the plaintiff must then attack the defendant's nondiscriminatory explanation, other than by speculation, on the grounds that it is pretextual. *Coleman v. The Quaker Oats Co.* 232 F.3d 1271, 1281 (9th Cir. 2000).[15] Although the burden of going forward with the evidence

---

[14] Plaintiff Barron-Smith also claims that within the last six months he has applied for an Operations Supervisor position after one of the previous Operation Supervisors, Brad Haines, departed Signature Flight. (Barron-Smith Dep. 197:1-21.) However, for economic reasons this position has not been filled and Signature Flight is not seeking applicants. (True Dec. ¶ 28.) As such, Mr. Barron-Smith cannot maintain a claim for discrimination based on this application as a matter of law because he has not been rejected for the position. *See Wilson v. Legal Assistance*, 669 F.2d 562 (8th Cir. 1982) (The failure of a plaintiff to prove that he was rejected is fatal to the plaintiff's *prima facie* case.) In addition, he has not plead a claim for discrimination based upon this alleged failure to promote and thus Mr. Barron-Smith's alleged application for this position is not at issue in this case.

[15] Because of the similarities between FEHA and Title VII of the 1964 Civil Rights Act, it is appropriate to rely on federal decisions addressing Title VII claims to analyze claims brought under FEHA. *Hersant v. California Dept. of Social Servs.*, 57 Cal.App.4th 997, 1001, 67 Cal.Rptr.2d 483, 485 (1997) (citing *Caldwell v. Paramount Unif. Sch. Dist.*, 41 Cal.App.4th, 189, 195, 48 Cal.Rptr.2d 448, 452-453 (1995)). Likewise, because a Section 1981 claim is "predicated on the same elements as a [race] discrimination claim under Title VII," both claims

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

FIRMWIDE:80635499.1 049112.1002                           7.                      CASE NO. C 05 00490 CW

Notice Of Motion & Motion For Partial Sum Jud On Promotion Claims Of Plt Barron-Smith

shifts throughout this three-stage process, the plaintiff retains, at all times, the ultimate burden of persuading the court that he was the victim of intentional discrimination. *Id.* at 1281; *St. Mary's Honor Center v. Hicks,* 438 U.S. 502, 511 (1993). Here, Plaintiff Barron-Smith's claims fail because he can neither prove a *prima facie* case nor rebut the legitimate reasons offered by Defendants for their actions, and thereby cannot prove intentional discrimination as a matter of law.

1.  **Plaintiff Barron-Smith Cannot Prove That He Was Discriminated Against On The Basis Of Race With Respect To The June 2003 Promotional Opportunity.**

    a.  **Plaintiff Barron-Smith Cannot Establish A *Prima Facie* Case Of Discrimination Based On The June 2003 Promotional Opportunity Because He Never Applied For The Job.**

As noted, Plaintiff Barron-Smith first claims discrimination when he was allegedly passed over for promotion to Operations Supervisor in June 2003. (Comp., ¶¶ 57, 61.) An allegation of unlawful employment discrimination such as this requires that a plaintiff first raise a presumption that discrimination occurred by establishing a *prima facie* case. *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 802-807, 93 S.Ct. 1817, 1824-1827 (1973). A *prima facie* case of discrimination consists of the following elements: (1) the plaintiff was in a protected group; (2) the plaintiff applied for and was qualified for an employment opportunity or benefit; (3) the plaintiff was denied the employment opportunity or benefit; and (4) others outside the protected class were selected for the employment opportunity or benefit. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 506 (1993); *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1122 (9th Cir. 2004); *Coghlan v. American Seafoods Co.*, 413 F.3d 1090, 1094 (9th Cir. 2005).

Plaintiff Barron-Smith cannot establish a *prima facie* case of race discrimination with respect to the June 2003 Operations Supervisor because he admits that he never applied for the position. (Barron-Smith Dep. 127:17-128:7.) This failure to apply renders his claim defective and thus subject to summary judgment. *Chambers v. Wynne School Dist.*, 909 F.2d 1214 (8th Cir. 1990) (because plaintiff did not apply for the job, her claim fails even though the job was never formally

---

may be analyzed together. *Lalvani v. Cook Co.*, 269 F.3d 785, 789 (7th Cir. 2001), *Lowe v. Monrovia*, 775 F.2d 998, 1010 (9th Cir. 1995) ("the same standards are used to prove both claims"); *Stones v. LA Community College Dist.*, 796 F.2d 270 (9th Cir. 1986) (*McDonnell Douglas* burden shifting analysis applies to a Section 1981 claim).

posted); *Taylor v. Hudson Pulp & Paper Corp.*, 788 F.2d 1455 (11th Cir. 1986) (plaintiffs failed to establish *prima facie* case where there was no evidence they had applied for position); *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 656-566 (2nd Cir. 2000) (plaintiff's failure to promote claim denied where she failed to apply for the position, even though she had previously been promised the job); *Brown v. Coach Stores, Inc.*, 163 F.3d 706, 709 (2nd Cir. 1998) (despite the fact that plaintiff repeatedly requested promotions, her failure to apply for specific job in question rendered her claims defective); *Victory v. Hewlett-Packard Co.*, 34 F.Supp.2d 809, 818 (E.D.N.Y. 1999) (plaintiff failed to state a *prima facie* case of discrimination where she did not apply for position even though she expressed an interested to her superiors). Without a *prima facie* case, Plaintiff Barron-Smith's claim of race discrimination based on the June 2003 Operations Supervisor position must fail.

        **b.    Alternatively, Plaintiff Barron-Smith Cannot Prove That The Stated Reasons For The Denied Promotion Is A Pretext For Race Discrimination.**

Assuming, *arguendo*, that Plaintiff Barron-Smith could establish a *prima facie* claim for race discrimination based on the June 2003 promotional opportunity, his claim for race discrimination would nonetheless fail because he has no evidence to rebut the legitimate reasons offered by Signature Flight for denying him the promotion. The law is clear that to satisfy its burden under the *McDonnell Douglas* burden shifting analysis, Signature Flight need only articulate "some legitimate, nondiscriminatory reason" for its actions; it does not have to prove the absence of discriminatory motive. *Texas Dept. of Comm. Affairs v. Burdine*, 450 U.S. 248, 254-255 (1981); *Douglas v. Marsh*, 53 FEP 503 (N.D. Cal. 1988), *aff'd*, 895 F.2d 1416 (9th Cir. 1990). Once a legitimate reason is articulated by the defendant, the burden of production then shifts back to the plaintiff to demonstrate that the employer's proffered reason is untrue or pretextual. *Texas Dept. of Comm. Affairs v. Burdine*, 450 U.S. 248, 254-255 (1981); *Douglas v. Marsh*, 53 FEP 503, 505 (N.D. Cal. 1988), *aff'd*, 895 F.2d 1416 (9th Cir. 1990). To defeat summary judgment, the plaintiff has the burden of presenting "specific, substantial evidence of pretext." *Id*. A plaintiff's mere suspicions and/or conclusions of an employer's improper motives based on speculation are insufficient to meet this burden. *McMillan v. Svetanoff*, 878 F.2d 186, 189 (7th Cir. 1989) ("subjective beliefs of the plaintiff are insufficient to create a genuine issue of material fact" sufficient to defeat summary

FIRMWIDE:80635499.1 049112.1002      9.      CASE NO. C 05 00490 CW
Notice Of Motion & Motion For Partial Sum Jud On Promotion Claims Of Plt Barron-Smith

1  judgment).

2  In this case, Defendant True made the decision to promote Brad Haines over Plaintiff
3  Barron-Smith because Mr. Haines had superior qualifications. (True Dec. ¶¶ 19, 20, Exh. 2.)
4  Indeed, Mr. Haines held a Bachelor's Degree in Business Administration from Notre Dame
5  University, while Plaintiff Barron-Smith had no college degree of any kind. (True Dec. ¶¶ 19, 20,
6  Exhs. 2, 3.) In addition, Mr. Haines had significant prior managerial and supervisory experience, as
7  well as eight years of prior experience as a Line Service Technician, whereas Plaintiff Barron-Smith
8  had no prior managerial or supervisory experience and less than four years experience as a Line
9  Service Technician (*Id.*) Mr. Haines also had prior experience in customer service, whereas Plaintiff
10 Barron-Smith did not. (*Id.*)

11 It is well-established that the promotion of a more qualified applicant is a legitimate
12 and nondiscriminatory reason for preferring the selected applicant over the rejected employee. *See,*
13 *e.g., Parson v. County of Del Norte*, 728 F.2d 1234, 1239 (9th Cir. 1994) (where the employee hired
14 had superior qualifications than the employee rejected, the employer had stated a legitimate reason
15 for not selecting the rejected employee); *see also, Gonzales v. MetPath, Inc.*, 214 Cal.App.3d 422,
16 428 (1989) (no evidence of discrimination where selected employee had a college degree while the
17 non-selected employee did not); *Jefferies v. Harris County Community Action Assoc.*, 693 F.2d 589,
18 590-591 (5th Cir. 1982) (employer established a legitimate and nondiscriminatory reason for
19 promotion by showing that the applicant selected had more supervisory experience than plaintiff);
20 *Ficks v. Wick*, 691 F. Supp. 385 (D.D.C. 1988) (applicant selected was better qualified for the
21 position than plaintiff.) Moreover, even if candidates are equally qualified, the law does not require
22 the employer to chose the minority over the non-minority applicant. *Odima v. Westin Tucson Hotel*,
23 991 F.2d 595 (9th Cir. 1993); *Casillas v. U.S. Navy*, 735 F.2d 338 (9th Cir. 1984).

24 As Plaintiff Barron-Smith has no evidence, let alone any "specific, substantial
25 evidence of pretext," to dispute the legitimate reasons proffered by Defendants for selecting Mr.
26 Haines over him for the June 2003 Operations Supervisor position, his race discrimination claim
27 must fail. *Douglas, supra,* 53 FEP Cases at 505. Accordingly, Defendants are entitled to summary
28 judgment on this claim.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

FIRMWIDE:80635499.1 049112.1002                    10.                    CASE NO. C 05 00490 CW
Notice Of Motion & Motion For Partial Sum Jud On Promotion Claims Of Plt Barron-Smith

### 2. Plaintiff Barron Smith Cannot Prove That He Was Discriminated Against On The Basis Of Race With Respect To the April/September 2004 Promotional Opportunity.

#### a. Plaintiff Barron-Smith Cannot Establish a *Prima Facie* Case Of Race Discrimination Because The Position Was Given To Others Within Barron-Smith's Protected Class.

Plaintiff Barron-Smith next claims that he was discriminated against when he was denied a promotion to the Operations Manager position that was posted in April and again in September 2004.[16] However, Mr. Barron-Smith cannot establish a *prima facie* case for discrimination because he cannot show that the April 2004 Operations Supervisor position went to a non-African-American. *Coghlan v. American Seafoods Co.*, 413 F.3d 1090, 1094 (9th Cir. 2005) (to establish a *prima facie* case a plaintiff must show "...(4) the job went to someone outside the protected class.") In fact, the evidence establishes the opposite – namely, that both individuals who assumed the duties of the April 2004 Operations Supervisor position were African-American.

As previously explained, after Defendant True determined that none of the applicants for the position were qualified, he initially decided not to fill the position. (True Dec. ¶ 23.) At that time, he assigned the Operations Manager in charge of training, Cliff Taylor, to assume the position and its ramp operations duties. (*Id.*) As Mr. Taylor is African-American, Plaintiff cannot show that the decision to give the position to him was discriminatory based on race. *Coghlan, supra*, 413 F.3d at 1094.

In September 2004, when the position was reposted, Defendant True ultimately decided to promote Plaintiff Hamilton to the position. (True Decl, ¶ 26.) As Plaintiff Hamilton, like Plaintiff Barron-Smith and Cliff Taylor is also African-American, Mr. Barron Smith simply cannot prove that the decision to elevate Plaintiff Hamilton over him was impermissibly based on race. (Comp. ¶4.) Consequently, Mr. Barron-Smith cannot establish a *prima facie* case for race discrimination based on the April/September 2004 Operations Supervisor and his race discrimination is subject to summary judgment.[17] *Sengupta v. Morrison-Knudsen Co.*, 804 F.2d 1072, 1075-1076

---

[16] The position was originally posted in April 2004 and, as indicated in Plaintiffs' Complaint, Plaintiff Barron-Smith applied for the position in May 2004. (Comp. ¶57.)

[17] In addition, and as discussed herein, Plaintiff Barron-Smith initially did not receive the position in April 2004, along with two other employees, because Defendant True did not believe he

(9th Cir. 1986).

### b. Alternatively, Plaintiff Barron-Smith Cannot Prove That The Stated Reasons For The Denied Promotion Is A Pretext For Race Discrimination.

Alternatively, even if Plaintiff Barron-Smith cold somehow establish a *prima* facie case of discrimination based upon the April/September 2004 promotional opportunity, his claims will fail because Defendants have articulated a legitimate business reason for their decisions, and Mr. Barron-Smith has no proof of pretext. As noted, Signature Flight decided not to promote Mr. Barron-Smith to the April 2004 Operations Supervisor position because he had no prior experience as a supervisor, and thus Mr. True determined he was not qualified for the position. (True Dec. ¶¶ 20, 23, 24, 25.) Indeed, Mr. True determined that the other applicants, Mr. Brill and Mr. Siron, were likewise unqualified for the position, and no one was promoted to the Operations Supervisor job at that time. (True Dec. ¶¶ 23, 24.) Mr. Barron-Smith's lack of qualifications provides a legitimate business reason for the decisions made by Mr. True, and is alone sufficient to defeat his claim. *Perry v. CBS Tel. Network News*, 31 FEP Cases 947 (D.D.C. 1983).

In addition, when the Operations Supervisor position was reposted in September 2004, Plaintiff Hamilton was selected for the job, and it is undisputed that Mr. Hamilton was more qualified for than Plaintiff Barron-Smith. Specifically, Mr. Hamilton previous supervisory experience as a Lead Line Service Technician and Operations Manager. (Hamilton Dep. 160:11-161:11; 167:9-170:22; True Dec. ¶¶ 16, 17, 26.) The law is clear that the superior qualifications provides a legitimate and nondiscriminatory reason for preferring the selected applicant over a rejected employee who is claiming discrimination. *See, e.g., Parson,, supra, at* 1239. As Mr. Barron-Smith has no evidence that the reasons given by Defendants for not selecting him are untrue or otherwise pretextual, his claims are subject to judgment. *Nawrot v. CPC Int'l*, 277 F.3d 896, 906 (7th Cir. 2002) ("[P]retext requires more than a showing that the decision was 'mistaken, ill considered or foolish, [and] so long as [the employer] honestly believed those reasons, pretext has

---

possessed the qualifications for the job. This lack of qualifications provides an independent basis for Defendants' motion, as the law is clear that being qualified for the job is an element of a discrimination plaintiff's *prima facie* case. (True Dec. ¶¶ 20, 23, 24, 25); *Kofer v. Pelham*, 710 F.Supp. 483, 484 (S.D.N.Y. 1989).

not been shown.'")

Furthermore, evidence that the person promoted is a member of the same protected class as the plaintiff constitutes strong evidence of defendant's nondiscriminatory justification for its decision. *See, e.g., Chaves v. Thomas*, 35 FEP Cases 397 (D.D.C. 1984) (finding significant defendant's rebuttal evidence that, at the time that plaintiff was denied promotion, two individuals within his protected class were promoted); *see also McNeill v. Greyhound Lines, Inc.*, 31 FEP Cases 1068 (S.D. Fla. 1983). As discussed above, the two individuals who assumed the responsibilities of the April 2004 Operations Supervisor position, Cliff Taylor and Plaintiff Hamilton, are both African-American. Consequently, not only has Signature Flight articulated a legitimate, nondiscriminatory reason for its decision not to promote Plaintiff Barron-Smith, there is also strong evidence supporting its nondiscriminatory reason.

This evidence precludes Plaintiff Barron-Smith's claim as a matter of law because he cannot prove pretext. As noted, he cannot prove that the stated reason why he was not promoted in April 2004 is knowingly false, nor can he prove that similarly situated persons of different races received more favorable treatment. *Nawrot, supra,* 277 F.3d at 906; *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 224 (5th Cir. 2001). It is undisputed that Mr. Barron-Smith had not been a supervisor or a manager prior to his application for the April 2004 Operations Supervisor position. (True Dec. ¶¶ 20, 24, 25.) It is also undisputed that neither Patrick Brill nor Michael Siron, both of whom are <u>not</u> African-American, were selected for the position. (True Dec. ¶¶ 23, 24.) Thus, Mr. Brill and Mr. Siron, who were similarly situated to Plaintiff, did not receive more favorable treatment than Mr. Barron-Smith. Without a showing that similarly situated white employees were treated differently, Mr. Barron-Smith's discrimination claim will fail. *Williams v. Herman Goelitz Candy Co.,* 70 FEP Cases 719, 722-723 (E.D.Cal. 1995) (no race discrimination where there was no evidence that similarly situated while employees were treated differently than plaintiff).

This conclusion is further supported by the fact that Plaintiff Barron-Smith was ultimately promoted, albeit to a different position than the one for which he had originally implied. (True Dec. ¶ 27.) Defendant True was consistent both in his application of Company policy and in the explanations provided to Mr. Barron-Smith. That is, he told Mr. Barron-Smith that he would not

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

FIRMWIDE:80635499.1 049112.1002                13.                CASE NO. C 05 00490 CW

Notice Of Motion & Motion For Partial Sum Jud On Promotion Claims Of Plt Barron-Smith

be qualified for the Operations Supervisor position until he had gained some Lead experience. True to his word, Mr. True thereafter promoted Mr. Barron Smith to the Lead Line Service Technician position, a position which would allow him to gain the supervisory experience he would need for future promotions. (True Dec. ¶ 27.) Mr. True's consistent position belies any discriminatory intent and precludes Plaintiff from establishing race discrimination as a matter of law. *Trowbridge v. AT&T, Inc.*, 54 FEP Cases 346, 349 (N.D. Ill. 1990). For this reason, judgment is appropriate. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1063 (9th Cir. 2002).

## III.  CONCLUSION

For the reasons stated herein Defendants respectfully request that their partial summary judgment as to Plaintiff Barron-Smith's First Cause of Action based upon his denied promotions be granted.

Dated: December 2, 2005

*[signature]*

ALAN B. CARLSON
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
SIGNATURE FLIGHT SUPPORT
CORPORATION; BBA AVIATION
SHARED SERVICES, INC.; BBA GROUP
U.S. HOLDINGS, INC.; STEVE TRUE;
DENNIS SMITH, VAL VADEN

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

FIRMWIDE:80635499.1 049112.1002           14.           CASE NO. C 05 00490 CW

Notice Of Motion & Motion For Partial Sum Jud On Promotion Claims Of Plt Barron-Smith