IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAMILTON, et al.,<br><br>        Plaintiff(s),<br><br>  vs.<br><br>SIGNATURE FLIGHT SUPPORT CORP., et al.,<br><br>        Defendant(s).<br>_____/ | No. C 05-0490 CW (MEJ)<br><br>**ORDER COMPELLING FURTHER RESPONSES TO PLAINTIFF'S REQUEST FOR NATIONWIDE DISCOVERY** |

      The Court is in receipt of the parties' joint discovery dispute letter, filed on December 5, 2005. In the letter, Plaintiffs seek an order compelling Defendants to provide nationwide information regarding Signature Flight Support Corporation's ("Signature") employment practices for all job positions at Signature, as well as complaints of discrimination, harassment and retaliation on a nationwide/company-wide scale. Plaintiffs argue that they are entitled to nationwide information because they properly allege that the discriminatory treatment they experienced stemmed from Signature's "pattern and practice" of discriminating against African-Americans and females and retaliating against those employees who complain of discrimination. Plaintiffs contend that they are entitled to conduct nationwide discovery to support their class allegations. Plaintiffs further argue that they are entitled to nationwide information in order to establish pretext because Signature has asserted legitimate, non-discriminatory reasons for the employment actions at issue in this case.

      In response, Defendants argue that Plaintiffs seek discovery that is much broader than what is permitted in pre-certified class actions. Defendants contend that pre-certification discovery is limited; thus, Plaintiffs can discover the elements required for a class action, but Defendants must be protected from discovery that is over burdensome. Defendants further argue that Plaintiffs have not alleged a company-

1  wide policy because their claim that Signature has a pattern and practice of discrimination is based up each
2  manager's individualized employment decisions.

3  A district court should allow discovery to aid the determination of whether a class action is
4  maintainable. *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985).  However, the plaintiff bears
5  the burden of advancing a prima facie showing that the class action requirements of Federal Rule of Civil
6  Procedure 23 are satisfied or that discovery is likely to produce substantiation of the class allegations.  *Id.*
7  Absent such a showing, a trial court's refusal to allow class discovery is not an abuse of discretion.  *Id.*
8  (citing *Doninger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir.1977)).

9  Here, the Court finds that Plaintiffs have made a prima facie showing that the requested discovery is
10 likely to produce substantiation of the class allegations.  Nationwide information regarding Signature's
11 employment practices, as well as complaints of discrimination, harassment and retaliation, are likely to
12 "produce persuasive information substantiating the class action allegations."  *Doninger*, 564 F.2d at 1313.
13 "The propriety of a class action cannot be determined in some cases without discovery, as for example,
14 where discovery is necessary to determine the existence of a class or set of subclasses."  *Id.*  "To deny
15 discovery in a case of that nature would be an abuse of discretion."  *Id.*  This is such a case and Plaintiffs
16 are entitled to discover whether a class exists.  Accordingly, the Court hereby ORDERS Defendants to
17 respond to Plaintiffs' discovery requests related to Signature's employment practices, as well as complaints
18 of discrimination, harassment and retaliation, on a nationwide/company-wide level.  Defendants shall
19 respond within 45 days from the date of this Order.

20 **IT IS SO ORDERED.**

22 Dated: December 6, 2005

MARIA-ELENA JAMES
United States Magistrate Judge