LOUISE H. RENNE, ESQ. (SBN 036508)
JONATHAN V. HOLTZMAN, ESQ. (SBN 099795)
STEVE J. CIKES, ESQ. (SBN 235413)
RENNE SLOAN HOLTZMAN & SAKAI, LLP
50 California Street, Suite 2100
San Francisco, CA  94111
Telephone:  (415) 678-3800
Facsimile:   (415) 678-3838
jholtzman@publiclawgroup.com

SHARON R. VINICK, ESQ.  (SBN 129914)
VINICK LAW FIRM
One Embarcadero, Suite 1200
San Francisco, CA  94111
Telephone: (415) 722-4481
Facsimile:  (415) 276-6338
sharon@vinicklaw.com

Attorneys for Plaintiffs,
DONALD HAMILTON, an individual;
BOBBY JONES, an individual; DAMON BARRON-SMITH,
an individual; and ALJARICE SANDERS, an
individual

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD HAMILTON, an individual; BOBBY JONES, an individual; DAMON BARRON-SMITH, an individual; ALJARICE SANDERS, an individual; and on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SIGNATURE FLIGHT SUPPORT CORPORATION, a Delaware corporation; BBA AVIATION SHARED SERVICES, INC., a Florida corporation;; BBA GROUP US HOLDINGS INC., a Massachusetts Corporation; STEVE TRUE, an individual; NORMAN RAMIREZ, an individual; DENNIS SMITH, an individual; VAL VADEN, an individual; and DOES 1-100,<br><br>Defendants. | **Case No.: C-05-00490-CW**<br><br>**DECLARATION OF STEVE J. CIKES IN SUPPORT OF PLAINTIFFS' MOTION SEEKING ENLARGEMENT OF TIME TO RESPOND TO DEFENDANTS' MOTIONS FOR PARTIAL SUMMARY JUDGMENT**<br><br>[Northern District L.R. 6-1] |

I, Steve J. Cikes, declare:

1. I am an attorney licensed to practice in the State of California and am an associate with the law firm of Renne Sloan Holtzman & Sakai, LLP, counsel for Plaintiffs Donald Hamilton, Bobby Jones, Damon Barron-Smith and Aljarice Sanders (collectively, "Plaintiffs") in the present action. The following facts stated herein are based on my own personal knowledge, and if called as a witness, I could competently testify thereto.

2. Plaintiffs filed and served their original complaint on February 2, 2005. The parties' initial case management conference was held on June 17, 2005. Prior to the conference, the parties submitted a Joint Case Management Statement and Proposed Order. In the Joint Statement, Plaintiffs laid out their class certification requirements – as required under Local Rule 16-9(a) – and expressly stated that they intended to move for class certification in January 2006, after conducting class discovery. At the June 17 conference, the Court set a January 27, 2005 deadline for Plaintiffs to bring a class certification motion, and did not set a discovery cut-off date.

3. On June 17, 2005, Plaintiffs served on Defendant Signature Flight Support Corporation ("Signature") a Request for Production of Documents, Set One ("First Document Request"). The bulk of the information sought in the Plaintiffs' First Document Request was mainly focused on Plaintiffs' class allegations, including statistical information concerning Signature's workforce demographics and documents related to complaints of discrimination, harassment and retaliation. The First Document Request also sought limited information with respect to Plaintiffs' individual claims, including their own personnel files and the personnel files of the individual Defendants and other key Signature employees.

4. On August 3, Signature responded to Plaintiffs' First Document Request, refusing to produce any information which did not related to its San Francisco FBO on the grounds that Plaintiffs did not possess a sufficient factual basis to conduct nationwide discovery. Defendants also objected to Plaintiffs' requests for the personnel files of other Signature employees and documents related to other complaints of discrimination, harassment and retaliation on the grounds that such documents contained information which was confidential and/or private.

1

5. After exchanging a series of correspondence, the parties met and conferred in person to discuss their various discovery disputes on September 21, 2005. At the meeting, counsel for Defendants agreed to produce documents responsive to Plaintiffs' requests for the personnel files of other Signature employees and other complaints of discrimination after the parties had entered into a protective order. Further, counsel for Defendants stated that they would confer with their clients as to whether they would be willing to provide information outside of the San Francisco FBO.

6. Following the September 21 meeting, the parties prepared and signed a stipulation and proposed protective order, which was approved by the Court on October 25, 2005. On November 15, 2005, Defendants then produced selected information from the personnel files of Defendants Steve True and Norman Ramirez. To date, Plaintiffs have not received documents related to complaints of discrimination other than those relating to Plaintiffs, or the personnel files of other Signature employees.

7. On October 12, 2005, Defendants' counsel stated that Defendants would only be willing supplement their discovery responses to include information from the other FBOs managed by Defendant Steve True. Counsel for Plaintiffs responded on October 26, 2005, explaining that while Plaintiffs would accept this additional information, they intended to file a motion to compel. Thereafter, the parties prepared and submitted to United States Magistrate Judge Maria-Elena James a joint letter concerning their respective positions on the permissible scope of discovery on December 5, 2005. Judge James then issued an order compelling further discovery on December 6, 2005.

8. During this interim period, Plaintiffs have also conducted additional limited discovery. On September 9, 2005, Plaintiff Sanders propounded a Request for Production of Documents, Set Two ("Second Document Request"). Further, Plaintiffs conducted a F.R.C.P. 30(b)(6) deposition of Signature concerning various topics on November 30, 2005. During that deposition, Defendant Dennis Smith, who Signature identified as the person most knowledgeable regarding the company's workforce demographics, confirmed that Signature's EEO-1 reports for the years 1999 through 2004 – produced in response to Plaintiffs' First Document Request –

2

inaccurately reported the number of African American employees at its San Francisco FBO. Plaintiffs also deposed Defendant Smith on December 6, 2005.

9. Defendants have conducted extensive discovery in this case. Defendants propounded numerous written discovery requests and noticed and deposed each Plaintiff.

10. Following the initial deposition of Plaintiff Donald Hamilton, the parties agreed to attempt to informally resolve their disputes and scheduled mediation, eventually agreeing on a mediation date of January 10, 2005. Shortly thereafter, Defendants filed three separate motions for partial summary judgment on December 1 and 2, 2005 as to: (1) Plaintiff Hamilton's promotion claims; (2) Plaintiff Sanders' promotion and termination claims; and (3) Plaintiff Barron-Smith's promotion claims; and secured a hearing date for January 6, 2005.

11. After receiving Defendants' summary judgment motions, Plaintiffs prepared and filed a Motion Pursuant to F.R.C.P. 56(f) to Deny or Continue Defendants' Motions for Partial Summary Judgment and Motion to Continue Deadline for Plaintiffs' Class Certification Motion on December 8, 2005 and secured a hearing date of January 13, 2005. On that same day, counsel for Plaintiffs called Defendants' counsel and requested that Defendants agree to an enlargement of time to respond to their summary judgment motions until after the Court could hear Plaintiffs' Rule 56(f) motion. Discussions continued until December 9, 2005, when Defendants' counsel refused to stipulate to the enlargement of time, thereby prompting Plaintiffs to file a Motion for Enlargement of Time to Respond to Defendants' Motions for Partial Summary Judgment.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: December 9, 2005                          /s/ Steve J. Cikes

3

DECL. OF STEVE J. CIKES IN SUPPORT OF PLAINTIFFS' MOTION SEEKING ENLARGEMENT OF TIME TO RESPOND TO DEFENDANTS' MOTIONS FOR PARTIAL SUMMARY JUDGMENT
Case No. C-05-00490-CW

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I, the undersigned, am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 50 California Street, Suite 2100, San Francisco, CA, 94111. On December 9, 2005, I served the following documents(s) by the method indicated below:

## MASTER CAPTION

by transmitting via **facsimile** on this date from the fax number (415) 288-4528 the document(s) listed above to t he fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal. R. Ct. 2003(3)

by placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, in the **United States mail** at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited in the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

by placing the document(s) listed above in the sealed envelope(s) and by **causing messenger delivery** of the envelope(s) to the person(s) at the address(es) set forth below. I am readily familiar with the business practice of my place of employment with respect to the collection and processing of correspondence, pleadings and notices for hand delivery. On December 9, 2005, I caused to be served via messenger the above-listed documents.

by **personally delivering** the document(s) listed above to the person(s) at the address(es) set forth below.

by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

Val Vaden
330 Primrose Road, Suite 505
Burlingame, CA  94010

I declare under penalty of perjury under the laws of the United States that the forgoing is true and correct, and that I am employed by an officer of a member of the bar of this Court at whose direction the service was made. Executed on December 9, 2005, at San Francisco, California.

4

Proof of Service - Master Caption
Case No. C-05-00490-CW

|   |
|---|
| (INSERT NAME HERE) |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Renne Sloan Holtzman & Sakai, LLP
Attorneys at Law

5

Proof of Service - Master Caption
Case No. C-05-00490-CW